# EXHIBIT
# "A"

# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

EDWARD FARIA,           )

             Claimant,    )     CIVIL ACTION NO. _*17-416-II*_

                        )

v.                       )

                        )

                        )

RUBIN LUBLIN TN, PLLC     )

                        )

            Respondent,   )

## COMPLAINT

## INTRODUCTION

This is an action filed by EDWARD FARIA (hereinafter "Claimant") against RUBIN

LUBLIN TN, PLLC (hereinafter "Respondent") based on damages done to Claimant. Claimant

asks that this Honorable Court take Judicial Notice of the enunciation of principles as stated in

*Haines v. Kerner, 404 U.S. 519*, wherein the court have recognized Pro per litigants should not to

be held to the same standards as licensed attorneys. "A court should make a reasonable attempt

to read the pleadings of a pro se litigant to state a valid claim on which the Claimant could

prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor

syntax and sentence construction, or unfamiliarity with pleading requirements." (See *Driskill v.*

*Rosenberg* (E.D. Tenn. 2011) citing (*Ashiegbu v. Purviance*, 74 F. Supp. 2d 740 (S.D. Ohio

1998)). Claimant further asks this Honorable Court to take Judicial Notice of the doctrine of

"least sophisticated consumer" standard under the FDCPA. Claimant states the following:

## DEFINITIONS

1.    **Communication,** v. the conveying of information regarding a debt directly or

      indirectly to any person through any medium. (Fair Debt Collection Practices Act

Complaint and Demand for Jury Trial Page **1** of **6**

(FDCPA), 15 USC §1692 (a)(2).

2. **Consumer,** n. any natural person obligated or allegedly obligated to pay any debt. (Fair Debt Collection Practices Act (FDCPA), 15 USC §1692 (a)(3).

3. **Creditor,** n. any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another. (Fair Debt Collection Practices Act (FDCPA), 15 USC §1692 (a)(4).

4. **Debt,** n. any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. (Fair Debt Collection Practices Act (FDCPA), 15 USC §1692 (a)(5).

3. **Debt Collector,** n. any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. (Fair Debt Collection Practices Act (FDCPA), 15 USC §1692 (a)(6).

4. **File,** n. 1.A court's complete and official record of a case. 2. A lawyer's complete record of a case 3.A portion or section of a lawyer's case record. 4. A case (Black's Law 7th Edition, pg. 642).

5. **Pleading,** n. 1. A formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses. (Black's Law 7th Edition, pg. 117).

## PRELIMINARY STATEMENT

1. This action is an action for damages brought by Claimant against Respondent for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC §1692 (d)(4), 15 USC §1692 (e)(2)(A), 15 USC §1692 (e)(4), 15 USC §1692 (e)(11), 15 USC §1692 (f)(1), and 15 USC §1692 (f)(6)(A) respectively.

2. Upon belief and information, Claimant contends that many of these practices are widespread for the Respondent.

3. Claimant contends that the Respondent has violated such laws by sending Claimant a dunning letter in an attempt to collect an alleged debt.

## PARTIES

1. Claimant is domiciled at 5145 West Oak Highland Drive, Antioch, Tennessee 37217; Parcel No. 173-04-0-A 127.00 CO.

2. Claimant is a "consumer" as defined by FDCPA 15 U.S.C. §1692 a(3).

3. Upon information and belief Respondent, RUBIN LUBLIN TN, PLLC is a Georgia Limited Liability Corporation authorized to do business in Tennessee.

4. Respondent is a "debt collector" as defined by FDCPA 15 U.S.C. §1692 a(6).

## JURISDICTION AND VENUE

5.  Claimant repeats and re-alleges paragraphs 1 through 4 as if fully set out herein.

6.  Venue is proper in that the Claimant resides here, the Respondent transacts business here, and the conduct complained of occurred here.

7.  This is an action for Declaratory Judgment pursuant to Tenn. R. Civ. P. 57 stating that Respondent is a debt collector pursuant to 15 USC §1692 (a)(6).

8.  Claimant further requests any additional costs that this Honorable Court deems necessary pursuant to 15 USC §1692 (k)(a)(1)(A).

9.  Given the nature of the claims, this Honorable Court has subject matter jurisdiction over this matter.

## STATEMENT OF FACTS

10. Claimant repeats and re-alleges paragraphs 1 through 10 as if fully set out herein.

11. Claimant brings this action regarding Respondent sending a dunning letter in an attempt to collect an alleged debt Respondent claim is owed them.

12. Claimant is without knowledge of the alleged debt Respondent purport to claim is owed.

13. On or about March 19, 2017, Claimant received a communication from Respondent.

14. Within that communication Respondent claims that Claimant owes an alleged debt, which is a violation of 15 USC §1692 (e)(2)(A) and 15 USC §1692 (f)(1).

15. The alleged debt is in default as evidenced in the Assignment of Deed of Trust recorded in Davidson County, Tennessee on December 15, 2008 and January 4, 2013, respectively.

16. An Appointment of Substitute Trustee was recorded in Davidson County, Tennessee on October 22, 2015, 2 years after the most recent Assignment of Deed of Trust.

17. Pursuant to 15 USC §1692 (a)(4), a creditor "...does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of

Complaint and Demand for Jury Trial Page **4** of **6**

facilitating collection of such debt for another."

18. Within that same communication referenced by Point 14, Respondent set a foreclosure sale date for May 4, 2017, which is a violation of 15 USC §1692(d)(4) and 15 USC §1692 (e)(4).

19. Upon further investigation, Claimant realized that Claimant does not know who Respondent is nor did Respondent provide proper identification pursuant to 15 USC §1692 (e)(11).

20. On March 28, 2017, W. Allen Boyd, a Notary Public for the County of Davidson, Tennessee, on behalf of Claimant, sent Respondent a Notice of Request for Information and Validation/Verification of Debt With An Intent to Sue pursuant to 15 USC §1692 (g), granting Respondent **thirty (30) days** to respond under penalty of perjury pursuant to 28 USC §1746 to all questions and to the Debt Collector Disclosure Statement provided (see Exhibit A).

21. Claimant noticed Respondent that failure to respond under penalty of perjury pursuant to 28 USC §1746 and provide any attachments within **thirty (30) days** would be Respondent's agreement that there is "...no claim and are estopeled from speaking on this matter."

22. Claimant further noticed Respondent to cease and desist all collection activities.

23. As of April 28, 2017 Respondent has failed to properly respond as outlined, thereby agreeing that there is no claim, that they are estopeled from speaking on this matter, and further establishing Respondent as a "debt collector".

24. Pursuant to 15 USC §1692 (f)(6), "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ... Taking or

threatening to take any nonjudicial action to effect dispossession… of property…"

## CONCLUSION

**WHEREFORE**, for the aforementioned reasons, Claimant MOVES this Honorable

Court GRANT Claimant Declaratory Judgment plus any additional court costs that this

Honorable Court deems necessary. Claimant concurrently submits his Affidavit of Truth in

Support of Complaint and Memorandum of Law in Support of Complaint.


Dated this 1st day of May, 2017.

Respectfully Submitted,

"With All Rights Reserved"


faria, edward george

faria, edward george, *Administrator*

# Exhibit

# A

**FROM:** (PLEASE PRINT)   PHONE ( )

faria, edward george, Grantor | Beneficiary
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Ste. 103-156
Nashville, Tennessee 37205

EL 647388448 US

**UNITED STATES POSTAL SERVICE ®**

**PRIORITY MAIL EXPRESS™**

**PAYMENT BY ACCOUNT** (If applicable)

USPS® Corporate Acct. No.   Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS** (Customer Use Only)

☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)
☐ 10:30 AM Delivery Required (additional fee, where available)
   *Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)   PHONE ( )

Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN

ZIP + 4® (U.S. ADDRESSES ONLY)

3 8 1 0 3 - ___ ___ ___ ___

☐ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
☐ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| | | |
|---|---|---|
| ☐ 1-Day | ☐ 2-Day | ☐ Military ☐ DPO |

PO ZIP Code: 37013
Scheduled Delivery Date (MM/DD/YY): 03.29.17
Postage: $ 23.75

Date Accepted (MM/DD/YY): 03.28.17
Scheduled Delivery Time: ☐ 10:30 AM ☐ 12 NOON ☑ 3:00 PM
Insurance Fee: $
COD Fee: $

Time Accepted: 4:11 ☐ AM ☐ PM
10:30 AM Delivery Fee:
Return Receipt Fee:
Live Animal Transportation Fee:

Special Handling/Fragile: $
Sunday/Holiday Premium Fee:
Total Postage & Fees:

Weight: 4.20 ☐ Flat Rate
Acceptance Employee Initials: LA1
$ 23.75

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY): Time ☐ AM ☐ PM   Employee Signature

Delivery Attempt (MM/DD/YY): Time ☐ AM ☐ PM   Employee Signature

LABEL 11-B, OCTOBER 2016   PSN 7690-02-000-9996   2-CUSTOMER COPY

FILED 2017 MAY -2 AM 9:36

# USPS Tracking® Results

Track Another Package +

Remove ✕

**Tracking Number:** EL647388448US

▶         ▶         ❙         **Delivered**

**Scheduled Delivery Day:** Wednesday, March 29, 2017, 3:00 pm ⓘ
**Money Back Guarantee**

**Signed for By:** WAIVED // MEMPHIS, TN 38103 // 9:48 am

## Product & Tracking Information

See Available Actions

**Postal Product:**
Priority Mail Express 1-Day™

**Features:**
Insured
PO to Addressee
Up to $100 insurance included
Restrictions Apply ⓘ

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 29, 2017, 9:48 am | Delivered, In/At Mailbox | MEMPHIS, TN 38103 |

Your item was delivered in or at the mailbox at 9:48 am on March 29, 2017 in MEMPHIS, TN 38103.

| | | |
|---|---|---|
| March 29, 2017, 8:44 am | Arrived at Post Office | MEMPHIS, TN 38103 |
| March 29, 2017, 4:50 am | Arrived at USPS Facility | MEMPHIS, TN 38101 |
| March 28, 2017, 10:37 pm | Departed USPS Facility | NASHVILLE, TN 37230 |

See More ⌄

## Available Actions

| | |
|---|---|
| **Text Updates** | ⌄ |
| **Email Updates** | ⌄ |
| **Proof of Delivery** | ⌄ |

See Less ⌃

# CERTIFICATE OF SERVICE

Be it known that I, _W. Allen Boyd_, NOTARY, a duly empowered notary public, in and for the STATE OF TENNESSEE, COUNTY OF DAVIDSON, a third party and not a party to the matter for the sole purpose certifying a response or want thereof, at the request of faria, edward george, did present on this day the following documents to wit:

1) Notice of Request for Information and Validation/Verification of Debt with an Intent to Sue (4 Pages);

2) Affidavit of Fact (2 Pages);

3) Reference copy of this **Certificate of Service** (1 page) (Original on File).

I hereby certify that after reviewing the documents, I placed the said documents with the U.S. Postal Service Return Receipt, prepaid and addressed to:

Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
Service #EL 647388448 US

Please send **ALL** correspondence to:
faria, edward george, _Grantor/Beneficiary_
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Suite 103-156
Nashville, Tennessee 37205

I have hereunto set my hand and seal of office on this _28_ day of _March_, 20_17_.

_W. Allen Boyd_
~Notary Public

My Commission Expires: _5/6/2019_

## LEGAL NOTICE

The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I. CHAPTER 73. SEC. 1512. _Tampering with a witness, victim, or an informant._ The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law", which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

From:
faria, edward george, *Grantor/Beneficiary*
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Suite 103-156
Nashville, Tennessee 37205

To:
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
Certified Mail #7015 0640 0002 3621 6575

RE: Select Portfolio Servicing, Inc. Account No. 0014907687
    Rubin Lublin TN, PLLC File No. SPS-15-04643-3

Property Address: *5145 West Oak Highland Drive, Antioch, Tennessee 37013*
Parcel No.:        *173-04-0-A 127.00 CO*

Date: March 26, 2017

## NOTICE OF REQUEST FOR INFORMATION AND VALIDATION/VERIFICATION OF DEBT WITH AN INTENT TO SUE

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

To Whom It May Concern:

I am in receipt of a correspondence dated March 17, 2017 stating "***Notice Pursuant to Fair Debt Collection Practices Act (If Applicable)***" and "***Notice of Acceleration and Foreclosure***". Upon review and discovery it has come to my attention that there are unauthorized commercial transactions transpiring against the EDWARD GEORGE FARIA Trust. As Grantor/Beneficiary of the EDWARD GEORGE FARIA Trust, I am very concerned as I have not authorized anyone to act on behalf of the EDWARD GEORGE FARIA Trust. Please answer the following, in Affidavit form under penalty of perjury pursuant to 28 USC §1746, and mail to the address above:

1. Who gave you administrative authority on the EDWARD GEORGE FARIA Trust;
2. What Power of Attorney or Affidavit under penalty of perjury do you have showing your authorization to administer EDWARD GEORGE FARIA Trust;
3. When were you given authorization to do any administration on EDWARD GEORGE FARIA Trust;
4. Where are the documents filed that gave you administrative authority over the EDWARD GEORGE FARIA Trust;

5.   How were you able to administrate the copyright name EDWARD
     GEORGE FARIA.

Failure to complete the above information and sign under penalty of perjury will be cause
for me to file Form 14039, Identity Theft Affidavit, with the IRS. In addition, please
answer the attached Debt Collector Disclosure Statement in its entirety under penalty of
perjury pursuant to 28 USC §1746 and include any attachments. Please respond to the
above request and Debt Collector Disclosure Statement below within **thirty (30) days**.
Failure to do so will be your admission and agreement that you have no claim and are
estopeled from speaking on this matter. Furthermore, failure to respond will result in a
declaratory judgment of your violation of the FDCPA.

## NOTICE OF INTENT TO SUE

If you do not respond exactly as requested, I intend to sue you in a venue of my choosing.
The lawsuit will name Rubin Lublin TN, PLLC as Respondent. Don't make the mistake
of ignoring this. I have contacted a Notary Public, W. Allen Boyd, in the capacity of a
Notary Acceptor, a non-party, to certify a response. All responses must be sent to the
address provided below via Certified or Registered Mail to certify a response, if any is
given. It is mandatory that if Rubin Lublin TN, PLLC and/or its agents respond to the
foregoing, it must be to the mailing location exactly as shown below:

        faria, edward george, *Grantor/Beneficiary*
        c/o W. Allen Boyd, Notary Public
        73 White Bridge Road, Suite 103-156
        Nashville, Tennessee 37205

In the interim, I am demanding you to cease and desist from collecting on this alleged
debt.

The ball is in your court. Govern yourselves accordingly.


                        Respectfully Submitted,


                        *faria, edward george*
                        faria, edward george, *Grantor/Beneficiary*


**Notice:** THIS DOCUMENT IS NOT INTENDED TO THREATEN, HARASS, HINDER, OR OBSTRUCT ANY LAWFUL
OPERATIONS. IT IS FOR THE PURPOSE OF OBTAINING LAWFUL REMEDY AS IS PROVIDED BY LAW.

# DEBT COLLECTOR DISCLOSURE STATEMENT

*Note: This is not a verification that you have my address, but a request for validation pursuant to 15 USC 1692(g) of the Fair Debt Collection Practices Act.*

1. Are you a creditor? YES | NO

2. If not, please provide the name and address of the creditor:

   _____
   _____

3. Do you hold the note? YES | NO

4. If you do not hold the note, who does and where is the note located?

   _____

5. Is the note in default? YES | NO

6. Has the note been assigned? YES | NO

7. If the note has been assigned, what is the date of the assignment?_____

8. What are the terms of the assignment?

   _____
   _____
   _____

9. Do I have a contract with you? YES | NO

10. If so, what products or services did you sell me?

   _____
   _____
   _____
   _____

11. Name of alleged debtor:_____
12. Address of alleged debtor:_____
13. Alleged account#(s):_____
14. Total amount of alleged debt: $_____
15. Date alleged debt became payable:_____
16. Date of original charge off or delinquency:_____
17. What amount was paid if debt was purchased: $_____
18. Your commission if collection efforts are successful: $_____
19. Please attach a certified copy of any signed agreement/contract that grants you authority to collect the alleged debt account(s) # above;

20. Please attach a certified copy of any signed agreement/contract that alleged debtor has made with any debt collector, or other verifiable proof that debtor has a contractual obligation to pay any debt collector;

21. Please attach a certified copy of any foundational agreements(s) bearing the alleged debtors signature, making debtor liable for the account number above;

22. Please attach a certified copy of the 2046 balance sheet as it relates to the original "loan"

23. Please attach certified copies of the IRS 1066 REMIC Report;

24. Please attach certified copies of the IRS 1099 OID Report;

25. Please attach certified copies of the FAS sections 125, 133, 140, 5, and 95 audit for alleged account #0014907687;

26. Have any insurance claims been made by any creditor regarding this account? YES | NO

27. Have any tax write-offs been made by any creditor or debt collector regarding this account? YES | NO

28. The debt collector cannot provide a relationship between debt collector and alleged debtor containing alleged debtor's bona fide signature?    YES | NO

I hereby swear (or affirm) under penalty of perjury that I have examined this affidavit, and to the best of my knowledge and belief, the information contained hereon is true, correct, and complete.

Print Name_____

Signature for Debt Collector:_____

On   this   the   _____   day   of   _____,   20___,   before   me, _____, the undersigned Notary Public, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument(s), and acknowledged to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_____
Signature of Notary Public

_____
Printed Name of Notary Public

My Commission Expires: _____
                                                            **(SEAL)**

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# Affidavit of Fact

I, faria, edward george (hereinafter "Affiant"), of Nashville, in the County of Davidson, State of Tennessee, make oath and state the following:

1. Affiant is over 18 years old and of legal age.

2. Affiant is competent to state the following facts.

3. Affiant has first-hand knowledge of the facts stated herein.

4. Affiant is Grantor/Beneficiary of the EDWARD GEORGE FARIA Trust at all times.

5. Affiant has no contract with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.

6. Affiant has never done business with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.

Further Affiant sayeth not.

I state under penalty of perjury that the foregoing is true and correct.

Executed on this **28th** day of March 2017.

faria, edward george
faria, edward george, *Affiant*

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 16 of 93 PageID #: 20

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JURAT

State/Commonwealth of _Te NNesSee_                    )
                                                      ) ss:
County of _Davidson_                                  )


Sworn and subscribed on this the _28_ day of _March_ , 20_17_, before me,
_W. Allen Boyd_ , the undersigned Notary Public, personally appeared faria,
edward george, personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged
to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_____
Signature of Notary Public

_____
Printed Name of Notary Public

My Commission Expires: _5 / 6 / 2019_

# Notary Certification

**BRENDA WYNN**
**DAVIDSON COUNTY CLERK**
**700 2ND AVENUE SOUTH**
**SUITE 101**
**NASHVILLE, TN 37210**
**615-862-6050**



I, Brenda Wynn, County Clerk of Davidson County, Tennessee having a seal, do hereby certify that

### W ALLEN BOYD

whose name is subscribed to the affidavit or certificate of the proof of acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such affidavit, proof, or acknowledgement, A Notary Public for the State of Tennessee,, commissioned and sworn, and duly authorized under the laws of Tennessee to take the same, and duly authorized to take and certify the acknowledgement and proof of deeds to be recorded in this State. And I do further certify that I am well acquainted with the handwriting of such Notary, and verily believe that the signature to said affidavit, or certificate of proof, or acknowledgement, is genuine; that said Notary's commission is dated

05/06/2015 and expires 05/06/2019

And I do further certify that under the Laws of Tennessee, impressions of the seal of Notaries Public are not required to be filed with the County Clerk or with the Clerk of the County Court.

Witness my hand and seal of said office,
at Nashville, Tennessee, this 28th day of March, 2017.

_____, Clerk

by _____, D.C.

## IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

EDWARD FARIA,          )
                          )
        Claimant,     )    CIVIL ACTION NO. _17-416-II_
                          )
v.                  )
                          )
                          )
                          )
RUBIN LUBLIN TN, PLLC    )
                          )
        Respondent,   )

## MEMORANDUM OF LAW IN SUPPORT OF COMPLAINT

       **COMES NOW** EDWARD FARIA, (hereinafter after "Claimant"), for clarity, full disclosure and with clean hands would show this Honorable Court:

### INTRODUCTION

       On March 28, 2017, Claimant honorably communicated with Respondent and asked that Respondent completely answer the provided questions in the NOTICE OF REQUEST FOR INFORMATION AND VALIDATION/VERIFICATION OF DEBT WITH AN INTENT TO SUE, Express Mail #EL 647388448 US, under penalty of perjury pursuant to 28 USC §1746, and include any attachments. Claimant allowed Respondent **thirty (30) days** in which to do so. Claimant gave simple and specific instructions as to how to properly respond to Claimant's request. Respondent refused to comply. Claimant, for the purpose of appeal, states the following:

### STATEMENT OF FACTS

1. Claimant brings this action regarding Respondent sending a dunning letter in an attempt to collect an alleged debt Respondent claim is owed them.

2. Claimant is without knowledge of the alleged debt Respondent purport to claim is owed.

3. On or about March 19, 2017, Claimant received a communication from Respondent.

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 19 of 93 PageID #: 23

4. Within that communication Respondent claims that Claimant owes an alleged debt, which is a violation of 15 USC §1692 (e)(2)(A) and 15 USC §1692 (f)(1).

5. The alleged debt is in default as evidenced in the Assignment of Deed of Trust recorded in Davidson County, Tennessee on December 15, 2015.

6. Relevant to point 5, an Appointment of Substitute Trustee was recorded in Davidson County, Tennessee on October 22, 2015, 2 years after the Assignment of Deed of Trust.

7. Pursuant to 15 USC §1692 (a)(4), a creditor "…does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

8. Within that same communication referenced by point 4, Respondent set a foreclosure sale date for May 4, 2017, which is a violation of 15 USC §1692(d)(4) and 15 USC §1692 (e)(4).

9. Upon further investigation, Claimant realized that Claimant does not know who Respondent is nor did Respondent provide proper identification pursuant to 15 USC §1692 (e)(11).

10. On March 28, 2017, W. Allen Boyd, a Notary Public for the County of Davidson, Tennessee, on behalf of Claimant, sent Respondent a Notice of Request for Information and Validation/Verification of Debt With An Intent to Sue pursuant to 15 USC §1692 (g), granting Respondent **thirty (30) days** to respond under penalty of perjury pursuant to 28 USC §1746 to all questions and to the Debt Collector Disclosure Statement provided.

11. Claimant noticed Respondent that failure to respond under penalty of perjury pursuant to 28 USC §1746 and provide any attachments within **thirty (30) days** would be

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 20 of 93 PageID #: 24

Respondent's agreement that there is "...no claim and are estopeled from speaking on this matter."

12. Claimant further noticed Respondent to cease and desist all collection activities.

13. As of April 28, 2017 Respondent has failed to properly respond as outlined, thereby agreeing that there is no claim, that they are estopeled from speaking on this matter, and further establishing Respondent as a "debt collector".

14. Pursuant to 15 USC §1692 (f)(6), "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ... Taking or threatening to take any nonjudicial action to effect dispossession... of property..."

## ARGUMENT

### I. FDCPA VIOLATIONS

Courts "should use the "least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA." (*AMOUR v. Bank of America, NA*, No. 1: 13-CV-144 (E.D. Tenn. Dec. 10, 2013) citing *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611-12 (6th Cir. 2009) (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006)) (see Exhibit A). In the present complaint, the Claimant's allegations against Respondent are timely under the one-year statute of limitations under the FDCPA. Among the many violations of Respondent, attempting to collect on a defaulted loan as a debt collector is most prominent. As stated in *Bridge v. Ocwen Federal Bank, FSB, 681 F.3d 355 (6th Cir. 2012)* "For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired." The court went further to define a debt collector as "...any non-

originating debt holder that either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition." Id. at 362. (see Exhibit B) In the current case, it appears that the Respondent is attempting to collect on a defaulted loan as the Appointment of Substitute Trustee is recorded 2 years after the Assignment of Deed of Trust. Further, according to item 22 on the Deed of Trust, only the **ORIGINAL** lender can assign a trustee. Upon information and belief, the original lender, WMC Mortgage Corp., went out of business in 2008.

## CONCLUSION

**WHEREFORE**, for the aforementioned reasons, Claimant MOVES this Honorable Court GRANT Claimant Declaratory Judgment plus any additional court costs that this Honorable Court deems necessary. Claimant concurrently submits his Affidavit of Truth in Support of Complaint.


Dated this 1st day of May, 2017.

Respectfully Submitted,

"With All Rights Reserved"


faria, edward george
faria, edward george, *Administrator*



FILED

ON _____ MAY - 2 2017 _____

BY _____ D C & M

MARIA M. SALAS _____, C & M

DAVIDSON CO. CHANCERY CT.

# Exhibit

# A

and Javitch's representation that Exhibit A to the state-court complaints was a copy of the debtor's account was false in violation of 15 U.S.C. §§ 1692e and 1692e(10). Second, they argue that presenting Exhibit A, which facially resembled a credit-card statement, as a copy of the debtor's account was deceptive and misleading in violation of §§ 1692e and 1692e(10) and an unfair means of debt collection under § 1692f. Finally, Hartman and Rice assert that the BFE defense does not protect Great Seneca and Javitch because this defense does not apply to mistakes of law and because Great Seneca and Javitch have not shown that they are entitled to the defense. Hartman and Rice also appeal the dismissal of their Ohio state-law claims, but concede that these claims stand or fall with their federal-law claims. Great Seneca and Javitch respond that their behavior did not violate the FDCPA and that in any event, they are entitled to the BFE defense. Additionally, Great Seneca and Javitch urge us to uphold the district court's judgment on the alternate grounds that this application of the FDCPA is unconstitutional.

## II. ANALYSIS

### A. Standard of Review

We have explained the standard for reviewing a grant of summary judgment as follows:

> We review a district court's grant of summary judgment de novo. *Mazur v. Young,* 507 F.3d 1013, 1016 (6th Cir.2007). "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(c)). "Because we review the grant of summary judgment *de novo,* we may affirm the judgment on grounds other than those employed by the lower court, as long as the party opposing summary judgment is not denied the opportunity to respond." *Thornton v. Fed. Express Corp.,* 530 F.3d 451, 456 n. 2 (6th Cir.2008); *see also Nance v. Goodyear Tire & Rubber Co.,* 527 F.3d 539, 553 (6th Cir.2008).

*Medical Mutual of Ohio v. k. Amalia Enters. Inc.,* 548 F.3d 383, 389 (6th Cir.2008).

### B. Violation of the Fair Debt Collection Practices Act

Hartman and Rice assert that Great Seneca's and Javitch's behavior violates three provisions of the FDCPA: (1) 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt"; (2) § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"; and (3) § 1692f, which provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." We have explained the concerns and standards applicable to FDCPA claims as follows:

> Congress enacted the FDCPA to eliminate "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). "When interpreting the FDCPA, we begin with the language of the statute itself." *Schroyer v. Frankel,* 197 F.3d 1170, 1174 (6th Cir.1999). As this court has noted, the FDCPA is "extraordinarily broad," crafted in response to what Congress perceived to be a widespread problem. *Frey v. Gangwish,* 970 F.2d 1516, 1521 (6th Cir.1992). Courts use the "least sophisticated consumer" **612 standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 329 (6th Cir.2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 438 (6th Cir.2008) (quotation marks and citations omitted). Nonetheless, the standard "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 438-39 (quotation marks and citations omitted).

*Barany-Snyder v. Weiner,* 539 F.3d 327, 332-33 (6th Cir.2008).

Ohio law requires that "[w]hen any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading." Ohio Civ. R. 10(D). The Ohio courts have explained this requirement as follows:



FILED
ON ___ MAY - 2 2017
BY ___ C & M
MARIA M. SALAS ___ , C & M
DAVIDSON CO. CHANCERY CT.

# Exhibit

# B

KeyCite Yellow Flag - Negative Treatment
Disagreed With by Schlegel v. Wells Fargo Bank, NA, 9th Cir.(Cal.),
July 3, 2013

681 F.3d 355
United States Court of Appeals,
Sixth Circuit.

Lisa BRIDGE; William W.
Bridge, III, Plaintiffs–Appellants,

v.

OCWEN FEDERAL BANK, FSB; Ocwen
Financial Corporation; Ocwen Loan Servicing,
LLC; Aames Capital Corporation; Firstar
Bank, nka U.S. Bancorp; Ocwen Federal
Loan Servicing Company; Deutsche Bank
National Trust Co., fka Bankers Trust
Company of California, Defendants–Appellees.

No. 09–4220.
|
April 30, 2012.

**Synopsis**
**Background:** Borrower and her husband brought action
alleging that mortgage lender, its purported assignee, and
loan servicer improperly failed to acknowledge payments
and engaged in improper collection practices in violation
of Fair Debt Collection Practices Act (FDCPA) and
related federal and state laws. The United States District
Court for the Northern District of Ohio, David D. Dowd,
J., 669 F.Supp.2d 853, dismissed action. Borrower and her
husband appealed.

**Holdings:** The Court of Appeals, Jane B. Stranch, Circuit
Judge, held that:

[1] plaintiffs stated that creditor and loan servicer were
"debt collectors" under FDCPA;

[2] definition of "debt collector" under FDCPA included
any non-originating debt holder that either acquired debt
in default or treated debt as if it were in default at time of
acquisition; and

[3] plaintiffs sufficiently stated claim that defendants
violated FDCPA.

Reversed.

Clay, J., issued opinion concurring in part.

West Headnotes (5)

**[1]** **Federal Courts**
&#8618; Pleading

Court of Appeals reviews de novo a district
court order dismissing a complaint for failure
to state a claim. Fed.Rules Civ.Proc.Rule
12(b)(6), 28 U.S.C.A.

2 Cases that cite this headnote

**[2]** **Federal Civil Procedure**
&#8618; Pro Se or Lay Pleadings

Pro se complaints are liberally construed, and
are held to less stringent standards than the
formal pleadings prepared by attorneys.

25 Cases that cite this headnote

**[3]** **Antitrust and Trade Regulation**
&#8618; Persons and transactions covered

Allegations that there was no assignment of
record to establish that one bank was creditor
or that another bank was loan servicer, thus
making alleged mortgage debt "due another,"
purported loan servicer made persistent
efforts to collect mortgage payments, that
purported creditor and loan servicer used
mails and telephone system in collection
debts, and that they received collection letters
from law firm were sufficient to state claim
that purported creditor and loan servicer were
"debt collectors," rather than creditors or
loan servicers, under Fair Debt Collection
Practices Act (FDCPA). Fair Debt Collection
Practices Act, § 803(6), 15 U.S.C.A. §
1692a(6).

127 Cases that cite this headnote

**[4]** **Antitrust and Trade Regulation**
&#8618; Persons and transactions covered

Under the FDCPA, a "debt collector" is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.... The term does not include—
>
> ...
>
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona *359 fide escrow arrangement; ... [or] (iii) concerns a debt which was not in default at the time it was obtained by such person....

15 U.S.C. § 1692a(6).

We note, as other circuits have, that "as to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir.2007) (citing *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir.2003)); *cf. Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir.2003) (holding the definition of debt collector "does not include the consumer's creditors"). If an entity which acquires a debt and seeks to collect it cannot be both a creditor and a debt collector, can it be neither? We answer no. To allow such an entity to define itself out of either category would mean that the intended protection of the FDCPA is unavailable. Both the statutory language and legislative history of the FDCPA establish that such an entity is either a creditor or a debt collector and its collection activities are covered under the FDCPA accordingly.

The distinction between a creditor and a debt collector lies precisely in the language of § 1692a(6)(F)(iii). For an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the

debt at the time it was acquired.[3] The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106–8 (6th Cir.1996); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985). This interpretation of the Act is supported by Congress's intent in passing it.

> This bill also protects people who do not owe money at all. In the collector's zeal, collection efforts are often aimed at the wrong person either because of mistaken identity or *mistaken facts.* This bill will make collectors behave responsibly towards people with whom they deal.

H.R.Rep. No. 131, at 8 (emphasis added); *see also* S. Rep. 95–382, 95th Cong. 1st Session 4, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698 (1977) ("[T]he committee does not intend the definition [of debt collector] to cover ... mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing[.]").

Thus, we do not accept Defendants' argument that, even if they are not creditors under the Act, neither are they debt collectors. It would thwart the purpose of the Act to find that a non-originating debt holder is neither a creditor nor a debt collector based on that defendant's adoption of contradictory factual positions. Defendants may not so easily define themselves out of FDCPA coverage. Echoing the Third Circuit's sentiment, "[a]lthough the argument is rather clever, it is wrong. It would elevate form over substance and weave a technical loophole into the fabric of the FDCPA big enough to devour all of the protections Congress intended in enacting *360 the legislation." *Check Investors,* 502 F.3d at 172–73.[4]

The same is true of a creditor who uses any name other than his own which would indicate that a third person is attempting to collect the debt. *See* 15 U.S.C. § 1692a(6) ("Notwithstanding the exclusion provided in clause (F) of the last sentence of this paragraph, the term [debt collector] includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."). No such creditor may escape liability by alleging that it is neither a creditor nor a debt collector and thus not subject to the FDCPA.

# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

EDWARD FARIA,      )
     )
        Claimant,     )    CIVIL ACTION NO. __17-416 II__
     )
v.      )
     )
     )
     )
RUBIN LUBLIN TN, PLLC      )
     )
        Respondent,     )

## AFFIDAVIT OF TRUTH IN SUPPORT OF COMPLAINT

I, faria, edward george (hereinafter "Affiant"), of Nashville, in the County of Davidson, State of Tennessee, make oath and state the following:

1. Affiant is over 18 years old and of legal age.

2. Affiant is competent to state the following facts.

3. Affiant has first-hand knowledge of the facts stated herein.

4. On or about March 19, 2017, Affiant received communication from Respondent.

5. Upon further investigation, Affiant realized that Affiant does not know who Respondent is.

6. Respondent did not provide proper identification pursuant to 15 USC §1692 (e)(11).

7. On March 28, 2017, W. Allen Boyd, a Notary Public for the County of Davidson, Tennessee, on behalf of Affiant, sent Respondent a Notice of Request for Information and Validation/Verification of Debt With An Intent to Sue pursuant to 15 USC §1692 (g) via Express Mail #EL 647388448 US, granting Respondent **thirty (30) days** to respond under penalty of perjury pursuant to 28 USC §1746 to all questions and to the Debt Collector Disclosure Statement provided (see Exhibit A).

Affiant of Truth Page **1** of **3**

under penalty of perjury pursuant to 28 USC §1746 to all questions and to the Debt Collector Disclosure Statement provided (see Exhibit A).

9. Affiant noticed Respondent that failure to respond under penalty of perjury pursuant to 28 USC §1746 and provide any attachments within **thirty (30) days** would be Respondent's agreement that there is "…no claim and are estopeled from speaking on this matter."

10. Affiant further noticed Respondent to cease and desist all collection activities.

11. As of April 28, 2017 Respondent has failed to properly respond as outlined, thereby agreeing that there is no claim, they are estopeled from speaking on this matter, and further establishing Respondent as a "debt collector".

12. Pursuant to 15 USC §1692 (f)(6), "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: … Taking or threatening to take any nonjudicial action to effect dispossession… of property…"

Further Affiant sayeth not.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 30th day of April , 2017.

faria, edward george
faria, edward george, *Affiant*

*********************************************************************

**JURAT**

State of Tennessee          )
                            ) ss:
County of Davidson          )


Sworn and subscribed on this _30_ day of _April_____, 20_17_, before me,
_W. Allen Boyd_, the undersigned Notary Public, personally appeared faria,
edward george, personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged
to me that he/she/they executed the same for the purposes therein stated.


WITNESS my hand and official seal,

_W. eAllen Boyd_____
Signature of Notary Public

_W. Allen Boyd_____
Printed Name of Notary Public

My Commission Expires: _5/6/2019_____

SEAL — W. ALLEN BOYD / STATE OF TENNESSEE / NOTARY PUBLIC / DAVIDSON COUNTY / MY COMMISSION EXPIRES 5-6-2019


Affidavit of Truth Page **3** of **3**

# Notary Certification



**BRENDA WYNN**
**DAVIDSON COUNTY CLERK**
**700 2ND AVENUE SOUTH**
**SUITE 101**
**NASHVILLE, TN 37210**
**615-862-6050**

I, Brenda Wynn, County Clerk of Davidson County, Tennessee having a seal, do hereby certify that

## W ALLEN BOYD

whose name is subscribed to the affidavit or certificate of the proof of acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such affidavit, proof, or acknowledgement, A Notary Public for the State of Tennessee,, commissioned and sworn, and duly authorized under the laws of Tennessee to take the same, and duly authorized to take and certify the acknowledgement and proof of deeds to be recorded in this State. And I do further certify that I am well acquainted with the handwriting of such Notary, and verily believe that the signature to said affidavit, or certificate of proof, or acknowledgement, is genuine; that said Notary's commission is dated

### 05/06/2015 and expires 05/06/2019

And I do further certify that under the Laws of Tennessee, impressions of the seal of Notaries Public are not required to be filed with the County Clerk or with the Clerk of the County Court.

Witness my hand and seal of said office,
at Nashville, Tennessee, this 1st day of May, 2017.

_Brenda Wynn_ Clerk

by _P. Qually-Brook_ , D.C.



FILED
2017 MAY -2 AM 9:37
DC&M

# Exhibit

# A

**FROM:** (PLEASE PRINT)    PHONE ( )

faria, edward george, Grantor/Beneficiary
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Ste. 103-156
Nashville, Tennessee 37205

EL 647388448 US

**UNITED STATES POSTAL SERVICE ®**

**PRIORITY MAIL EXPRESS™**

PAYMENT BY ACCOUNT (if applicable)
USPS® Corporate Acct. No.     Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**

☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
☐ 10:30 AM Delivery Required (additional fee, where available)*
   *Refer to USPS.com® or local Post Office™ for availability.

**TO:** (PLEASE PRINT)    PHONE ( )

Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN

**ZIP + 4®** (U.S. ADDRESSES ONLY)

3 8 1 0 3 - _ _ _ _

☞ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
☞ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day   ☐ 2-Day   ☐ Military   ☐ DPO

PO ZIP Code: 37013
Date Accepted (MM/DD/YY): 03.28.17
Time Accepted: 4:11 ☐ AM ☐ PM

Scheduled Delivery Date (MM/DD/YY): 03.29.17
Scheduled Delivery Time: ☐ 10:30 AM ☐ 12 NOON
10:30 AM Delivery Fee: $

Postage: $23.75
Insurance Fee: $     COD Fee: $
Return Receipt Fee:     Live Animal Transportation Fee:

Special Handling/Fragile: $
Sunday/Holiday Premium Fee: $
Total Postage & Fees: $23.75

Weight: 4.20 ☐ Flat Rate
Acceptance Employee Initials: LH

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY): Time: ☐ AM ☐ PM   Employee Signature
Delivery Attempt (MM/DD/YY): Time: ☐ AM ☐ PM   Employee Signature

LABEL 11-B, OCTOBER 2016    PSN 7690-02-000-9996    **2-CUSTOMER COPY**

FILED
2017 MAY -2 AM 9:37
CC&M

# USPS Tracking® Results

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package +

Remove ✕

**Tracking Number:** EL647388448US

▶        ▶            ▶   Delivered

**Scheduled Delivery Day:** Wednesday, March 29, 2017, 3:00 pm ⓘ
**Money Back Guarantee**

**Signed for By:** WAIVED // MEMPHIS, TN 38103 // 9:48 am

## Product & Tracking Information

See Available Actions

**Postal Product:**
Priority Mail Express 1-Day™

**Features:**
Insured
PO to Addressee
Up to $100 Insurance included
Restrictions Apply ⓘ

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 29, 2017, 9:48 am | Delivered, In/At Mailbox ▲ | MEMPHIS, TN 38103 |

Your item was delivered in or at the mailbox at 9:48 am on March 29, 2017 in MEMPHIS, TN 38103.

| | | |
|---|---|---|
| March 29, 2017, 8:44 am | Arrived at Post Office | MEMPHIS, TN 38103 |
| March 29, 2017, 4:50 am | Arrived at USPS Facility | MEMPHIS, TN 38101 |
| March 28, 2017, 10:37 pm | Departed USPS Facility | NASHVILLE, TN 37230 |

See More ⌄

## Available Actions

| Text Updates | ⌄ |
|---|---|
| Email Updates | ⌄ |
| Proof of Delivery | ⌄ |

See Less ⌃

# CERTIFICATE OF SERVICE

Be it known that I, _W. Allen Boyd_ , NOTARY, a duly empowered notary public, in and for the STATE OF TENNESSEE, COUNTY OF DAVIDSON, a third party and not a party to the matter for the sole purpose certifying a response or want thereof, at the request of faria, edward george, did present on this day the following documents to wit:

1) Notice of Request for Information and Validation/Verification of Debt with an Intent to Sue (4 Pages);

2) Affidavit of Fact (2 Pages);

3) Reference copy of this **Certificate of Service** (1 page) (Original on File).

I hereby certify that after reviewing the documents, I placed the said documents with the U.S. Postal Service Return Receipt, prepaid and addressed to:

Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
Service #EL 647388448 US

Please send **ALL** correspondence to:
faria, edward george, *Grantor/Beneficiary*
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Suite 103-156
Nashville, Tennessee 37205

I have hereunto set my hand and seal of office on this _28_ day of _March_, 20_17_

_W. Allen Boyd_
~Notary Public

My Commission Expires: _5/6/2019_

## LEGAL NOTICE

The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512. *Tampering with a witness, victim, or an informant.* The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law", which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

Page 1 of 1

From:
faria, edward george, *Grantor/Beneficiary*
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Suite 103-156
Nashville, Tennessee 37205

To:
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
Certified Mail #7015 0640 0002 3621 6575

RE: Select Portfolio Servicing, Inc. Account No. 0014907687
     Rubin Lublin TN, PLLC File No. SPS-15-04643-3

Property Address: *5145 West Oak Highland Drive, Antioch, Tennessee 37013*
Parcel No.:        *173-04-0-A 127.00 CO*

Date: March 26, 2017

**NOTICE OF REQUEST FOR INFORMATION AND
VALIDATION/VERIFICATION OF DEBT WITH AN INTENT TO SUE**

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

To Whom It May Concern:

I am in receipt of a correspondence dated March 17, 2017 stating *"Notice Pursuant to Fair Debt Collection Practices Act (If Applicable)"* and *"Notice of Acceleration and Foreclosure"*. Upon review and discovery it has come to my attention that there are unauthorized commercial transactions transpiring against the EDWARD GEORGE FARIA Trust. As Grantor/Beneficiary of the EDWARD GEORGE FARIA Trust, I am very concerned as I have not authorized anyone to act on behalf of the EDWARD GEORGE FARIA Trust. Please answer the following, in Affidavit form under penalty of perjury pursuant to 28 USC §1746, and mail to the address above:

1. Who gave you administrative authority on the EDWARD GEORGE FARIA Trust;
2. What Power of Attorney or Affidavit under penalty of perjury do you have showing your authorization to administer EDWARD GEORGE FARIA Trust;
3. When were you given authorization to do any administration on EDWARD GEORGE FARIA Trust;
4. Where are the documents filed that gave you administrative authority over the EDWARD GEORGE FARIA Trust;

Page 1 of 4

5. How were you able to administrate the copyright name EDWARD GEORGE FARIA.

Failure to complete the above information and sign under penalty of perjury will be cause for me to file Form 14039, Identity Theft Affidavit, with the IRS. In addition, please answer the attached Debt Collector Disclosure Statement in its entirety under penalty of perjury pursuant to 28 USC §1746 and include any attachments. Please respond to the above request and Debt Collector Disclosure Statement below within **thirty (30) days**. Failure to do so will be your admission and agreement that you have no claim and are estopeled from speaking on this matter. Furthermore, failure to respond will result in a declaratory judgment of your violation of the FDCPA.

## NOTICE OF INTENT TO SUE

If you do not respond exactly as requested, I intend to sue you in a venue of my choosing. The lawsuit will name Rubin Lublin TN, PLLC as Respondent. Don't make the mistake of ignoring this. I have contacted a Notary Public, W. Allen Boyd, in the capacity of a Notary Acceptor, a non-party, to certify a response. All responses must be sent to the address provided below via Certified or Registered Mail to certify a response, if any is given. It is mandatory that if Rubin Lublin TN, PLLC and/or its agents respond to the foregoing, it must be to the mailing location exactly as shown below:

> faria, edward george, *Grantor/Beneficiary*
> c/o W. Allen Boyd, Notary Public
> 73 White Bridge Road, Suite 103-156
> Nashville, Tennessee 37205

In the interim, I am demanding you to cease and desist from collecting on this alleged debt.

The ball is in your court. Govern yourselves accordingly.

Respectfully Submitted,

faria, edward george
faria, edward george, *Grantor/Beneficiary*

**Notice: THIS DOCUMENT IS NOT INTENDED TO THREATEN, HARASS, HINDER, OR OBSTRUCT ANY LAWFUL OPERATIONS. IT IS FOR THE PURPOSE OF OBTAINING LAWFUL REMEDY AS IS PROVIDED BY LAW.**

# DEBT COLLECTOR DISCLOSURE STATEMENT

*Note: This is not a verification that you have my address, but a request for validation pursuant to 15 USC 1692(g) of the Fair Debt Collection Practices Act.*

1. Are you a creditor?  YES | NO

2. If not, please provide the name and address of the creditor:

   _____

   _____

3. Do you hold the note?  YES | NO

4. If you do not hold the note, who does and where is the note located?

   _____

5. Is the note in default?  YES | NO

6. Has the note been assigned?  YES | NO

7. If the note has been assigned, what is the date of the assignment?_____

8. What are the terms of the assignment?

   _____

   _____

   _____

9. Do I have a contract with you?  YES | NO

10. If so, what products or services did you sell me?

    _____

    _____

    _____

    _____

11. Name of alleged debtor:_____

12. Address of alleged debtor:_____

13. Alleged account#(s):_____

14. Total amount of alleged debt: $_____

15. Date alleged debt became payable:_____

16. Date of original charge off or delinquency:_____

17. What amount was paid if debt was purchased: $_____

18. Your commission if collection efforts are successful: $_____

19. Please attach a certified copy of any signed agreement/contract that grants you authority to collect the alleged debt account(s) # above;

20. Please attach a certified copy of any signed agreement/contract that alleged debtor has made with any debt collector, or other verifiable proof that debtor has a contractual obligation to pay any debt collector;

Page 3 of 4

21. Please attach a certified copy of any foundational agreements(s) bearing the alleged debtors signature, making debtor liable for the account number above;

22. Please attach a certified copy of the 2046 balance sheet as it relates to the original "loan"

23. Please attach certified copies of the IRS 1066 REMIC Report;

24. Please attach certified copies of the IRS 1099 OID Report;

25. Please attach certified copies of the FAS sections 125, 133, 140, 5, and 95 audit for alleged account #0014907687;

26. Have any insurance claims been made by any creditor regarding this account? YES | NO

27. Have any tax write-offs been made by any creditor or debt collector regarding this account?  YES | NO

28. The debt collector cannot provide a relationship between debt collector and alleged debtor containing alleged debtor's bona fide signature?    YES | NO

I hereby swear (or affirm) under penalty of perjury that I have examined this affidavit, and to the best of my knowledge and belief, the information contained hereon is true, correct, and complete.

Print Name_____

Signature for Debt Collector:_____

On this the _____ day of _____, 20___, before me, _____, the undersigned Notary Public, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument(s), and acknowledged to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_____
Signature of Notary Public

_____
Printed Name of Notary Public

My Commission Expires: _____

**(SEAL)**

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# Affidavit of Fact

I, faria, edward george (hereinafter "Affiant"), of Nashville, in the County of Davidson, State of Tennessee, make oath and state the following:

1. Affiant is over 18 years old and of legal age.

2. Affiant is competent to state the following facts.

3. Affiant has first-hand knowledge of the facts stated herein.

4. Affiant is Grantor/Beneficiary of the EDWARD GEORGE FARIA Trust at all times.

5. Affiant has no contract with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.

6. Affiant has never done business with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.


Further Affiant sayeth not.


I state under penalty of perjury that the foregoing is true and correct.


Executed on this **28**<sup>th</sup>day of March 2017.


faria, edward george
faria, edward george, *Affiant*

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 40 of 93 PageID #: 44

*****************************************************************************

## JURAT

State/Commonwealth of _Te NNesSee_ )
                                      ) ss:
County of _Davidson_ )

Sworn and subscribed on this the _28_ day of _March_ , 20_17_ before me,
_W. Allen Boyd_ , the undersigned Notary Public, personally appeared faria,
edward george, personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged
to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_____
Signature of Notary Public

_W. Allen Boyd_
Printed Name of Notary Public

My Commission Expires: _5/6/2019_

SEAL:

## Notary Certification

**BRENDA WYNN**
**DAVIDSON COUNTY CLERK**
**700 2ND AVENUE SOUTH**
**SUITE 101**
**NASHVILLE, TN 37210**
**615-862-6050**



I, Brenda Wynn, County Clerk of Davidson County, Tennessee having a seal, do hereby certify that

**W ALLEN BOYD**

whose name is subscribed to the affidavit or certificate of the proof of acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such affidavit, proof, or acknowledgement, A Notary Public for the State of Tennessee,, commissioned and sworn, and duly authorized under the laws of Tennessee to take the same, and duly authorized to take and certify the acknowledgement and proof of deeds to be recorded in this State. And I do further certify that I am well acquainted with the handwriting of such Notary, and verily believe that the signature to said affidavit, or certificate of proof, or acknowledgement, is genuine; that said Notary's commission is dated 05/06/2015 and expires 05/06/2019

And I do further certify that under the Laws of Tennessee, impressions of the seal of Notaries Public are not required to be filed with the County Clerk or with the Clerk of the County Court.

Witness my hand and seal of said office,
at Nashville, Tennessee, this 28th day of March, 2017.

_____, Clerk

by _____, D.C.

# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

EDWARD FARIA, )
         )
       Claimant, )    CIVIL ACTION NO. _17-416-II_
         )
v.               )
         )
         )
         )
RUBIN LUBLIN TN, PLLC   )
         )
       Respondent, )

## AFFIDAVIT OF TRUTH

I, faria, edward george (hereinafter "Affiant"), of Nashville, in the County of Davidson, State of Tennessee, make oath and state the following:

1. Affiant is over 18 years old and of legal age.

2. Affiant is competent to state the following facts.

3. Affiant has first-hand knowledge of the facts stated herein.

4. Affiant is Administrator of the EDWARD GEORGE FARIA Trust at all times.

5. RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns do not have administrative authority on the EDWARD GEORGE FARIA Trust;

6. RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns do not have Power of Attorney and have not provided an Affidavit signed under penalty of perjury showing their authorization to administer the EDWARD GEORGE FARIA Trust.

7. Affiant has no contract with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.

8. Affiant has never done business with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 43 of 93 PageID #: 47

9. RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns are trespassers on the

   EDWARD GEORGE FARIA Trust.

Further Affiant sayeth not.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __30ᵗʰ__ day of __April_____, 201_7_.

faria, edward george

faria, edward george, *Affiant*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JURAT

State of Tennessee )
) ss:
County of Davidson )

Sworn and subscribed on this _30_ day of _April_, 20_16_ before me, _W. Allen Boyd_, the undersigned Notary Public, personally appeared faria, edward george, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_W. e Allen Boyd_
Signature of Notary Public

_W. Allen Boyd_
Printed Name of Notary Public

My Commission Expires: _5/6/2019_

[Notary Seal: W. ALLEN BOYD — STATE OF TENNESSEE — NOTARY PUBLIC — DAVIDSON COUNTY — MY COMMISSION EXPIRES 5-6-20__]

Affidavit of Truth Page **3** of **3**

## <u>Notary Certification</u>



**BRENDA WYNN**
**DAVIDSON COUNTY CLERK**
**700 2ND AVENUE SOUTH**
**SUITE 101**
**NASHVILLE, TN 37210**
**615-862-6050**

I, Brenda Wynn, County Clerk of Davidson County, Tennessee having a seal, do hereby certify that

### W ALLEN BOYD

whose name is subscribed to the affidavit or certificate of the proof of acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such affidavit, proof, or acknowledgement, A Notary Public for the State of Tennessee,, commissioned and sworn, and duly authorized under the laws of Tennessee to take the same, and duly authorized to take and certify the acknowledgement and proof of deeds to be recorded in this State. And I do further certify that I am well acquainted with the handwriting of such Notary, and verily believe that the signature to said affidavit, or certificate of proof, or acknowledgement, is genuine; that said Notary's commission is dated
05/06/2015 and expires 05/06/2019

And I do further certify that under the Laws of Tennessee, impressions of the seal of Notaries Public are not required to be filed with the County Clerk or with the Clerk of the County Court.

Witness my hand and seal of said office,
at Nashville, Tennessee, this 1st day of May, 2017.

_Brenda Wynn_ , Clerk

by _P. Qualls-Brooks_ , D.C.

# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
# TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

EDWARD FARIA,          )
                      )
        Claimant,      )    CIVIL ACTION NO. _*17-416-II*_
                      )
v.                    )
                      )
                      )
                      )
RUBIN LUBLIN TN, PLLC    )
                      )
        Respondent,    )

## AFFIDAVIT OF TRUTH

I, W. Allen Boyd (hereinafter "Affiant"), of Nashville, in the County of Davidson, State of Tennessee, make oath and state the following:

1. Affiant is over 18 years old and of legal age.

2. Affiant is competent to state the following facts.

3. Affiant has first-hand knowledge of the facts stated herein.

4. Affiant is a duly empowered Notary for the County of Davidson, Tennessee.

5. On March 28, 2017, Affiant, on behalf of Claimant, sent Respondent a Notice of Request for Information and Validation/Verification of Debt With An Intent to Sue, Affidavit of Fact, and Certificate of Service via Express Mail #EL 647388448 US (see Exhibit A).

6. Respondent was granted **thirty (30) days** to respond to Affiant as outlined in said Notice.

7. As of April 28, 2017 Respondent has not responded to Affiant as outlined in said Notice.

Further Affiant sayeth not.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Affiant of Truth Page **1** of **3**

Executed on __2 9__ day of __Apr. /__, 20__1 7__

W. Allen Boyd, *Affiant*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JURAT

State of Tennessee )
                      ) ss:
County of Davidson )

Sworn and subscribed on this _19_ day of _April_, 20_17_, before me, _Ronald Grant_, the undersigned Notary Public, personally appeared W. Allen Boyd, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_____
Signature of Notary Public

_____
Printed Name of Notary Public

My Commission Expires: _9 Jun 18_

RONALD GRANT
STATE OF
TENNESSEE
NOTARY
PUBLIC
DAVIDSON COUNTY
MY COMMISSION EXPIRES 6-9-2018

Affidavit of Truth Page **3** of **3**

# Notary Certification

BRENDA WYNN
DAVIDSON COUNTY CLERK
700 2ND AVENUE SOUTH
SUITE 101
NASHVILLE, TN 37210
615-862-6050



I, Brenda Wynn, County Clerk of Davidson County, Tennessee having a seal, do hereby certify that

### RONALD GRANT

whose name is subscribed to the affidavit or certificate of the proof of acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such affidavit, proof, or acknowledgement, A Notary Public for the State of Tennessee,, commissioned and sworn, and duly authorized under the laws of Tennessee to take the same, and duly authorized to take and certify the acknowledgement and proof of deeds to be recorded in this State. And I do further certify that I am well acquainted with the handwriting of such Notary, and verily believe that the signature to said affidavit, or certificate of proof, or acknowledgement, is genuine; that said Notary's commission is dated
01/09/2014 and expires 01/09/2018

And I do further certify that under the Laws of Tennessee, impressions of the seal of Notaries Public are not required to be filed with the County Clerk or with the Clerk of the County Court.

Witness my hand and seal of said office,
at Nashville, Tennessee, this 1st day of May, 2017.

_Brenda Wynn_ , Clerk

by _R. Ivalls-Brook_ , D.C.



FILED

2017 MAY -2  AM 9: 38

# Exhibit

# A

FROM: (PLEASE PRINT)    PHONE ( _____ )

faria, edward george, Grantor/Beneficiary
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Ste. 103-156
Nashville, Tennessee 37205

EL 647388448 US

**UNITED STATES POSTAL SERVICE ●**

**PRIORITY MAIL EXPRESS™**

PAYMENT BY ACCOUNT (if applicable)
USPS Corporate Acct. No.    Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**
☐ **SIGNATURE REQUIRED** *Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.*
Delivery Options
  ☐ No Saturday Delivery (delivered next business day)
  ☐ Sunday/Holiday Delivery Required (additional fee, where available)*
  ☐ 10:30 AM Delivery Required (additional fee, where available)*
    *Refer to USPS.com® or local Post Office™ for availability.*

TO: (PLEASE PRINT)    PHONE ( _____ )

Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN

ZIP + 4® (U.S. ADDRESSES ONLY)

3 8 1 0 3 — _____

▮ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
▮ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☑ 1-Day    ☐ 2-Day    ☐ Military    ☐ DPO

PO ZIP Code    Scheduled Delivery Date (MM/DD/YY)    Postage
37013    03.29.17    $ 23.75

Date Accepted (MM/DD/YY)    Scheduled Delivery Time    Insurance Fee    COD Fee
03.28.17    ☐ 10:30 AM  ☑ 3:00 PM   $    $
            ☐ 12 NOON

Time Accepted    10:30 AM Delivery Fee    Return Receipt Fee    Live Animal Transportation Fee
4:11  ☐ AM ☐ PM    $    $    $

Special Handling/Fragile    Sunday/Holiday Premium Fee    Total Postage & Fees
$    $    $ 23.75

Weight    ☐ Flat Rate    Acceptance Employee Initials
4.20    291

**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY)    Time  ☐ AM ☐ PM    Employee Signature
Delivery Attempt (MM/DD/YY)    Time  ☐ AM ☐ PM    Employee Signature

LABEL 11-B, OCTOBER 2016    PSN 7690-02-000-9996    2-CUSTOMER COPY

2017 MAY -2 AM 9:38

F I L E D

# USPS Tracking® Results

FAQs > (http://faq.usps.com/?articleId=220900)

Track Another Package +

Remove X

Tracking Number: EL647388448US

▶          ▶                    ▶    Delivered

**Scheduled Delivery Day:** Wednesday, March 29, 2017, 3:00 pm ⓘ
**Money Back Guarantee**

**Signed for By:** WAIVED // MEMPHIS, TN 38103 // 9:48 am

## Product & Tracking Information

See Available Actions

**Postal Product:**
Priority Mail Express 1-Day™

**Features:**
Insured
PO to Addressee
Up to $100 Insurance Included
Restrictions Apply ⓘ

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 29, 2017, 9:48 am | Delivered, In/At Mailbox | MEMPHIS, TN 38103 |
| | ▲ | |

Your item was delivered in or at the mailbox at 9:48 am on March 29, 2017 in MEMPHIS, TN 38103.

| | | |
|---|---|---|
| March 29, 2017, 8:44 am | Arrived at Post Office | MEMPHIS, TN 38103 |
| March 29, 2017, 4:50 am | Arrived at USPS Facility | MEMPHIS, TN 38101 |
| March 28, 2017, 10:37 pm | Departed USPS Facility | NASHVILLE, TN 37230 |

See More ⌄

## Available Actions

| Text Updates | ⌄ |
|---|---|
| Email Updates | ⌄ |
| Proof of Delivery | ⌄ |

See Less ⌃

## CERTIFICATE OF SERVICE

Be it known that I, _W. Allen Boyd_, NOTARY, a duly empowered notary public, in and for the STATE OF TENNEESSEE, COUNTY OF DAVIDSON, a third party and not a party to the matter for the sole purpose certifying a response or want thereof, at the request of faria, edward george, did present on this day the following documents to wit:

1) Notice of Request for Information and Validation/Verification of Debt with an Intent to Sue (4 Pages);

2) Affidavit of Fact (2 Pages);

3) Reference copy of this **Certificate of Service** (1 page) (Original on File).

I hereby certify that after reviewing the documents, I placed the said documents with the U.S. Postal Service Return Receipt, prepaid and addressed to:

Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
Service #EL 647388448 US

Please send **ALL** correspondence to:
faria, edward george, _Grantor/Beneficiary_
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Suite 103-156
Nashville, Tennessee 37205

I have hereunto set my hand and seal of office on this _2 8_ day of _March_, 20_17_

_W. Allen Boyd_
~Notary Public

My Commission Expires: _5/6/2019_

## LEGAL NOTICE

The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73. SEC. 1512, _Tampering with a witness, victim, or an informant._ The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law", which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

Page 1 of 1

From:
faria, edward george, *Grantor/Beneficiary*
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Suite 103-156
Nashville, Tennessee 37205

To:
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
Certified Mail #7015 0640 0002 3621 6575

RE: Select Portfolio Servicing, Inc. Account No. 0014907687
Rubin Lublin TN, PLLC File No. SPS-15-04643-3

Property Address: *5145 West Oak Highland Drive, Antioch, Tennessee 37013*
Parcel No.: *173-04-0-A 127.00 CO*

Date: March 26, 2017

## NOTICE OF REQUEST FOR INFORMATION AND VALIDATION/VERIFICATION OF DEBT WITH AN INTENT TO SUE

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

To Whom It May Concern:

I am in receipt of a correspondence dated March 17, 2017 stating *"Notice Pursuant to Fair Debt Collection Practices Act (If Applicable)"* and *"Notice of Acceleration and Foreclosure"*. Upon review and discovery it has come to my attention that there are unauthorized commercial transactions transpiring against the EDWARD GEORGE FARIA Trust. As Grantor/Beneficiary of the EDWARD GEORGE FARIA Trust, I am very concerned as I have not authorized anyone to act on behalf of the EDWARD GEORGE FARIA Trust. Please answer the following, in Affidavit form under penalty of perjury pursuant to 28 USC §1746, and mail to the address above:

1. Who gave you administrative authority on the EDWARD GEORGE FARIA Trust;
2. What Power of Attorney or Affidavit under penalty of perjury do you have showing your authorization to administer EDWARD GEORGE FARIA Trust;
3. When were you given authorization to do any administration on EDWARD GEORGE FARIA Trust;
4. Where are the documents filed that gave you administrative authority over the EDWARD GEORGE FARIA Trust;

5. How were you able to administrate the copyright name EDWARD GEORGE FARIA.

Failure to complete the above information and sign under penalty of perjury will be cause for me to file Form 14039, Identity Theft Affidavit, with the IRS. In addition, please answer the attached Debt Collector Disclosure Statement in its entirety under penalty of perjury pursuant to 28 USC §1746 and include any attachments. Please respond to the above request and Debt Collector Disclosure Statement below within **thirty (30) days**. Failure to do so will be your admission and agreement that you have no claim and are estopeled from speaking on this matter. Furthermore, failure to respond will result in a declaratory judgment of your violation of the FDCPA.

## <u>NOTICE OF INTENT TO SUE</u>

If you do not respond exactly as requested, I intend to sue you in a venue of my choosing. The lawsuit will name Rubin Lublin TN, PLLC as Respondent. Don't make the mistake of ignoring this. I have contacted a Notary Public, W. Allen Boyd, in the capacity of a Notary Acceptor, a non-party, to certify a response. All responses must be sent to the address provided below via Certified or Registered Mail to certify a response, if any is given. It is mandatory that if Rubin Lublin TN, PLLC and/or its agents respond to the foregoing, it must be to the mailing location exactly as shown below:

> faria, edward george, *Grantor/Beneficiary*
> c/o W. Allen Boyd, Notary Public
> 73 White Bridge Road, Suite 103-156
> Nashville, Tennessee 37205

In the interim,.I am demanding you to cease and desist from collecting on this alleged debt.

The ball is in your court. Govern yourselves accordingly.

Respectfully Submitted,

faria, edward george

faria, edward george, *Grantor/Beneficiary*

---

**\*\*Notice:** THIS DOCUMENT IS NOT INTENDED TO THREATEN, HARASS, HINDER, OR OBSTRUCT ANY LAWFUL OPERATIONS. IT IS FOR THE PURPOSE OF OBTAINING LAWFUL REMEDY AS IS PROVIDED BY LAW.

# DEBT COLLECTOR DISCLOSURE STATEMENT

*Note: This is not a verification that you have my address, but a request for validation pursuant to 15 USC 1692(g) of the Fair Debt Collection Practices Act.*

1. Are you a creditor?  YES | NO

2. If not, please provide the name and address of the creditor:

   _____

   _____

3. Do you hold the note?  YES | NO

4. If you do not hold the note, who does and where is the note located?

   _____

5. Is the note in default?  YES | NO

6. Has the note been assigned?  YES | NO

7. If the note has been assigned, what is the date of the assignment?_____

8. What are the terms of the assignment?

   _____

   _____

   _____

9. Do I have a contract with you?  YES | NO

10. If so, what products or services did you sell me?

    _____

    _____

    _____

    _____

11. Name of alleged debtor:_____

12. Address of alleged debtor:_____

13. Alleged account#(s):_____

14. Total amount of alleged debt: $_____

15. Date alleged debt became payable:_____

16. Date of original charge off or delinquency:_____

17. What amount was paid if debt was purchased: $_____

18. Your commission if collection efforts are successful: $_____

19. Please attach a certified copy of any signed agreement/contract that grants you authority to collect the alleged debt account(s) # above;

20. Please attach a certified copy of any signed agreement/contract that alleged debtor has made with any debt collector, or other verifiable proof that debtor has a contractual obligation to pay any debt collector;

Page 3 of 4

21. Please attach a certified copy of any foundational agreements(s) bearing the alleged debtors signature, making debtor liable for the account number above;

22. Please attach a certified copy of the 2046 balance sheet as it relates to the original "loan"

23. Please attach certified copies of the IRS 1066 REMIC Report;

24. Please attach certified copies of the IRS 1099 OID Report;

25. Please attach certified copies of the FAS sections 125, 133, 140, 5, and 95 audit for alleged account #0014907687;

26. Have any insurance claims been made by any creditor regarding this account? YES | NO

27. Have any tax write-offs been made by any creditor or debt collector regarding this account? YES | NO

28. The debt collector cannot provide a relationship between debt collector and alleged debtor containing alleged debtor's bona fide signature? YES | NO

I hereby swear (or affirm) under penalty of perjury that I have examined this affidavit, and to the best of my knowledge and belief, the information contained hereon is true, correct, and complete.

Print Name_____

Signature for Debt Collector:_____

On this the _____ day of _____, 20___, before me, _____, the undersigned Notary Public, personally appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument(s), and acknowledged to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_____
Signature of Notary Public

_____
Printed Name of Notary Public

My Commission Expires: _____

(SEAL)

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# Affidavit of Fact

I, faria, edward george (hereinafter "Affiant"), of Nashville, in the County of Davidson, State of Tennessee, make oath and state the following:

1. Affiant is over 18 years old and of legal age.

2. Affiant is competent to state the following facts.

3. Affiant has first-hand knowledge of the facts stated herein.

4. Affiant is Grantor/Beneficiary of the EDWARD GEORGE FARIA Trust at all times.

5. Affiant has no contract with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.

6. Affiant has never done business with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.


Further Affiant sayeth not.


I state under penalty of perjury that the foregoing is true and correct.


Executed on this **28**<sup>th</sup> day of March 2017.


*faria, edward george*

faria, edward george, *Affiant*

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 59 of 93 PageID #: 63

************************************************************************

## JURAT

State/Commonwealth of _Tennessee_ )

County of _Davidson_ ) ss:
)


Sworn and subscribed on this the _28_ day of _March_ _____, 20_17_, before me,
_W. Allen Boyd_____, the undersigned Notary Public, personally appeared faria,
edward george, personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged
to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_W. Allen Boyd_____
Signature of Notary Public

_W. Allen Boyd_____
Printed Name of Notary Public

My Commission Expires: _5 / 6 / 2019_____

W. ALLEN BOYD
STATE OF TENNESSEE
NOTARY PUBLIC
DAVIDSON COUNTY
MY COMMISSION EXPIRES 5-6-2019
SEAL

# Notary Certification



**BRENDA WYNN**
**DAVIDSON COUNTY CLERK**
**700 2ND AVENUE SOUTH**
**SUITE 101**
**NASHVILLE, TN 37210**
**615-862-6050**

I, Brenda Wynn, County Clerk of Davidson County, Tennessee having a seal, do hereby certify that

### W ALLEN BOYD

whose name is subscribed to the affidavit or certificate of the proof of acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such affidavit, proof, or acknowledgement, A Notary Public for the State of Tennessee,, commissioned and sworn, and duly authorized under the laws of Tennessee to take the same, and duly authorized to take and certify the acknowledgement and proof of deeds to be recorded in this State. And I do further certify that I am well acquainted with the handwriting of such Notary, and verily believe that the signature to said affidavit, or certificate of proof, or acknowledgement, is genuine; that said Notary's commission is dated
**05/06/2015 and expires 05/06/2019**
And I do further certify that under the Laws of Tennessee, impressions of the seal of Notaries Public are not required to be filed with the County Clerk or with the Clerk of the County Court.
Witness my hand and seal of said office,
at Nashville, Tennessee, this 28th day of March, 2017.

_____ , Clerk

by _____ , D.C.



**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

## APOSTILLE

(Convention de La Haye du 5 octobre 1961)

1. Country: *United States of America*

2. This public document has been signed by **BRENDA WYNN**

3. acting in the capacity of **COUNTY CLERK OF DAVIDSON COUNTY, TENNESSEE**

4. bears the seal/stamp of **COUNTY SEAL OF DAVIDSON COUNTY, TENNESSEE**

### Certified

5. at *Nashville, Tennessee*

6. the **1st day of May, 2017**

7. by **TRE HARGETT, SECRETARY OF STATE, STATE OF TENNESSEE**

8. No. **17-06573**

9. Seal/Stamp

10. Signature

Secretary of State

by

To verify authenticity, visit http://tnbear.tn.gov/apostille/verify.aspx and enter the document # (line 8 above) from this certificate. For further information please contact the Business Services Division at (615) 741-0536.

# TRUE BILL

| | |
|---|---|
| FDCPA Violation (pursuant to 15 USC §1692 (k)(2)(A) | $1,000.00 |
| Mileage (35 x .54) | $18.90 |
| Administration ($30/hr x 15 hrs) | $450.00 |
| Mailing | $23.75 |
| **TOTAL** | **$1,492.65** |

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _30ᵗʰ_ day of _April_ , 20_17_.

_faria, edward george_

faria, edward george

| | |
|---|---|
| State of Tennessee | ) |
| | ) ss: |
| County of Davidson | ) |

Sworn and subscribed before me on this _30_ day of _Apr./_ , 2017.

_W. Allen Boyd_

Signature of Notary Public

My Commission Expires: _5/6/2019_

## Notary Certification



**BRENDA WYNN**
**DAVIDSON COUNTY CLERK**
**700 2ND AVENUE SOUTH**
**SUITE 101**
**NASHVILLE, TN 37210**
**615-862-6050**

I, Brenda Wynn, County Clerk of Davidson County, Tennessee having a seal, do hereby certify that

**W ALLEN BOYD**

whose name is subscribed to the affidavit or certificate of the proof of acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such affidavit, proof, or acknowledgement, A Notary Public for the State of Tennessee,, commissioned and sworn, and duly authorized under the laws of Tennessee to take the same, and duly authorized to take and certify the acknowledgement and proof of deeds to be recorded in this State. And I do further certify that I am well acquainted with the handwriting of such Notary, and verily believe that the signature to said affidavit, or certificate of proof, or acknowledgement, is genuine; that said Notary's commission is dated **05/06/2015 and expires 05/06/2019**

And I do further certify that under the Laws of Tennessee, impressions of the seal of Notaries Public are not required to be filed with the County Clerk or with the Clerk of the County Court.

Witness my hand and seal of said office,
at Nashville, Tennessee, this 1st day of May, 2017.

_Brenda Wynn_ , Clerk

by _Qualls Brooks_ , D.C.

# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

EDWARD FARIA,                    )
                                 )
        Claimant,        )    CIVIL ACTION NO. _*17-416-II*_
                                 )
v.                               )
                                 )
                                 )
                                 )
RUBIN LUBLIN TN, PLLC            )
                                 )
        Respondent,      )

## PETITION FOR TEMPORARY RESTRAINING ORDER

### INTRODUCTION

**COMES NOW** EDWARD FARIA, (hereinafter "Claimant"), and moves the court for relief

as herein requested. Claimant asks that the court take Judicial Notice of the enunciation of

principles as stated in *Haines v. Kerner, 404 U.S. 519*, wherein the court have recognized Pro per

litigants should not to be held to the same standards as licensed attorneys. "A pro se litigant

should be given a reasonable opportunity to remedy defects in his [or her] pleadings if the factual

allegations are close to stating a claim for relief." (See *Hall v. Bellmon, 935 F.2d 1106, 1110

(10th Cir. 1991)*. Moreover, "the court is under a duty to examine the complaint to determine if

the allegations provide for relief on any possible theory." *Bonner v. Circuit Court of St. Louis,

526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir.

1974))*.

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 65 of 93 PageID #: 69

## PARTIES

1. Claimant is domiciled at 5145 West Oak Highland Drive, Antioch, Tennessee 37217;
   Parcel No. 173-04-0-A 127.00 CO.

2. Currently known Respondent(s) are: RUBIN LUBLIN TN, PLLC.

## STATEMENT OF FACTS

3. Claimant repeats and re-alleges paragraphs 1 through 2 as if fully set out herein.

4. Claimant will suffer imminent and irreparable injury if Respondent is allowed to
   foreclose on Claimant's property. Ten. R. Civ. P. 65.03.

5. There is no adequate remedy at law because once the foreclosure sale has taken place,
   Claimant will suffer the complete loss of the property as Respondent will sell the
   property to a third party who will have a right to possession without regard to the claims
   Claimant has against Respondent.

6. There is a substantial likelihood that Claimant will prevail on the merits.

7. Claimant will be able to show that:

8. On March 28, 2017, W. Allen Boyd, a Notary Public for the County of Davidson,
   Tennessee, on behalf of Claimant, sent Respondent a Notice of Request for Information
   and Validation/Verification of Debt With An Intent to Sue pursuant to 15 USC §1692 (g),
   granting Respondent **thirty (30) days** to respond under penalty of perjury pursuant to 28
   USC §1746 to all questions and to the Debt Collector Disclosure Statement provided.

9. Claimant noticed Respondent that failure to respond under penalty of perjury pursuant to
   28 USC §1746 and provide any attachments within **thirty (30) days** would be

Respondent's agreement that there is "...no claim and are estopeled from speaking on this matter."

10. Claimant further noticed Respondent to cease and desist all collection activities.

11. As of April 28, 2017, Respondent has failed to properly respond as outlined, thereby agreeing that there is no claim, that they are estopeled from speaking on this matter, and establishing Respondent as a "debt collector" as defined by FDCPA 15 U.S.C. §1692 a(6).

12. Pursuant to 15 USC §1692 (f)(6), "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ... Taking or threatening to take any nonjudicial action to effect dispossession... of property..."

13. Pursuant to 15 USC §1692 (a)(4), a creditor "...does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

14. The threatened harm to Claimant outweighs the harm that a preliminary injunction would inflict on Respondent.

15. Claimant will suffer loss of the use of said property and will lose opportunity to maintain same and Respondent will suffer loss by having to maintain an empty property that cannot be insured.

16. Issuance of a preliminary injunction would not adversely affect the public interest and public policy because there are already a great number of empty houses with the current residential foreclosure mess.

17. Adding more will simply increase the burden on the local as it will create opportunity for vandalism and further other criminal activity.

18. Claimant asks this Honorable Court to set the request for a preliminary injunction to set aside trustee's sale for hearing at the earliest possible time.

## CONCLUSION

**WHEREFORE,** for the above foregoing reasons, Claimant respectfully requests that this Honorable Court **GRANT** Claimant's Temporary Restraining Order to prevent Respondent from selling Claimant's home until such a time that Respondent is able to prove standing and/or authorization under penalty of perjury pursuant to 28 USC §1746. Claimant also respectfully requests that this Honorable Court **COMPEL** Respondent to show standing and/or authorization under penalty of perjury pursuant to 28 USC §1746 within **thirty (30) days**. Should Respondent fail to respond within **thirty (30) days**, Claimant requests this Honorable Court **GRANT** a Permanent Restraining Order against Respondent, its agents and/or assigns from taking **ANY** further actions against Claimant in the future. Award Claimant court costs and any other relief this Honorable Court deems reasonable. Claimant concurrently submits a Memorandum In Support of Temporary Restraining Order and an Affidavit of Truth dated April 30th, 2017.

## PRAYER

**WHEREFORE,** for these reasons, Claimant **PRAYS** this Honorable Court do the following:

    a. Prevent Respondent from foreclosing on and selling the property by issuing a Temporary Restraining Order.

b. Prevent Respondent from foreclosing on and selling the property until and unless
   Respondent prevails in the current litigation.

c. Enter judgment for Claimant.

d. Award costs of court.

e. Grant any other relief it deems appropriate.

Date: 1st day of May, 2017

Respectfully Submitted,

"With All Rights Reserved"

faria, edward george
faria, edward george, *Administrator*

# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

EDWARD FARIA,  )
                  )
          Claimant,  )     CIVIL ACTION NO. _17-416-II_
                  )
v.                  )
                  )
                  )
                  )
RUBIN LUBLIN TN, PLLC  )
                  )
         Respondent,  )

## AFFIDAVIT OF TRUTH IN SUPPORT OF TEMPORARY RESTRAINING ORDER

I, faria, edward george (hereinafter "Affiant"), of Nashville, in the County of Davidson, State of Tennessee, make oath and state the following:

1. Affiant is over 18 years old and of legal age.

2. Affiant is competent to state the following facts.

3. Affiant has first-hand knowledge of the facts stated herein.

4. On March 28, 2017, W. Allen Boyd, a Notary Public for the County of Davidson, Tennessee, on behalf of Affiant, sent Respondent a Notice of Request for Information and Validation/Verification of Debt With An Intent to Sue pursuant to 15 USC §1692 (g), granting Respondent **thirty (30) days** to respond under penalty of perjury pursuant to 28 USC §1746 to all questions and to the Debt Collector Disclosure Statement provided (see Exhibit A).

5. Affiant noticed Respondent that failure to respond under penalty of perjury pursuant to 28 USC §1746 and provide any attachments within **thirty (30) days** would be Respondent's agreement that there is "…no claim and are estopeled from speaking on this matter."

6. Affiant further noticed Respondent to cease and desist all collection activities.

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 70 of 93 PageID #: 74

7. As of April 28, 2017, Respondent has failed to properly respond as outlined, thereby agreeing that there is no claim, that they are estopeled from speaking on this matter, and establishing Respondent as a "debt collector" as defined by FDCPA 15 U.S.C. §1692 a(6).

8. Pursuant to 15 USC §1692 (f)(6), "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ... Taking or threatening to take any nonjudicial action to effect dispossession... of property..."

Further Affiant sayeth not.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 30<u>th</u> day of April , 20<u>17</u>.

faria edward george
faria, edward george, *Affiant*

*************************************************************************

## JURAT

State of Tennessee      )
                           ) ss:
County of Davidson    )

Sworn and subscribed on this ___30___ day of ___April___, 20_17_ before me, _W. Allen Boyd_, the undersigned Notary Public, personally appeared faria, edward george, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_W. Allen Boyd_
Signature of Notary Public

_W. Allen Boyd_
Printed Name of Notary Public

My Commission Expires: ___5 / 6 / 2019___



Affidavit of Truth in Support of Temporary Restraining Order Page 3 of 3

# Notary Certification



**BRENDA WYNN**
**DAVIDSON COUNTY CLERK**
**700 2ND AVENUE SOUTH**
**SUITE 101**
**NASHVILLE, TN 37210**
**615-862-6050**

I, Brenda Wynn, County Clerk of Davidson County, Tennessee having a seal, do hereby certify that

### W ALLEN BOYD

whose name is subscribed to the affidavit or certificate of the proof of acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such affidavit, proof, or acknowledgement, A Notary Public for the State of Tennessee,, commissioned and sworn, and duly authorized under the laws of Tennessee to take the same, and duly authorized to take and certify the acknowledgement and proof of deeds to be recorded in this State. And I do further certify that I am well acquainted with the handwriting of such Notary, and verily believe that the signature to said affidavit, or certificate of proof, or acknowledgement, is genuine; that said Notary's commission is dated 05/06/2015 and expires 05/06/2019

And I do further certify that under the Laws of Tennessee, impressions of the seal of Notaries Public are not required to be filed with the County Clerk or with the Clerk of the County Court.

Witness my hand and seal of said office,
at Nashville, Tennessee, this 1st day of May, 2017.

_Brenda Wynn_____, Clerk

by _P. Zualls-Brook_____, D.C.



FILED

2017 MAY -2 AM 9:42

DC&M

# Exhibit

# A

**FROM:** (PLEASE PRINT)     PHONE (    )

faria, edward george, Grantor/Beneficiary
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Ste. 103-156
Nashville, Tennessee 37205

**TO:** (PLEASE PRINT)     PHONE (    )

Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN

**ZIP + 4** (U.S. ADDRESSES ONLY)

3 8 1 0 3 - _ _ _ _

For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
$100.00 insurance included.

---

EL 647388448 US

**UNITED STATES POSTAL SERVICE** ●

**PRIORITY ★ MAIL ★ EXPRESS™**

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code: 37013

Scheduled Delivery Date (MM/DD/YY): 03.29.17

Postage: $ 23.75

Date Accepted (MM/DD/YY): 03.28.17

Scheduled Delivery Time: ☐ 10:30 AM ☑ 3:00 PM ☐ 12 NOON

Time Accepted: 4:11 ☐ AM ☑ PM

Weight: 4.20 ☐ Flat Rate

Acceptance Employee Initials: 291

Total Postage & Fees: $ 23.75

**DELIVERY (POSTAL SERVICE USE ONLY)**

LABEL 11-B, OCTOBER 2016    PSN 7690-02-000-9996

2-CUSTOMER COPY

---

2017 MAY -2 AM 9:42

FILED

# USPS Tracking® Results

Track Another Package +

Remove ✕

**Tracking Number:** EL647388448US

▶        ▶            )   **Delivered**

**Scheduled Delivery Day:** Wednesday, March 29, 2017, 3:00 pm ⓘ
**Money Back Guarantee**

**Signed for By:** WAIVED // MEMPHIS, TN 38103 // 9:48 am

## Product & Tracking Information

**See Available Actions**

**Postal Product:**                **Features:**
Priority Mail Express 1-Day™         Insured
                                     PO to Addressee
                                     Up to $100 insurance included
                                     Restrictions Apply ⓘ

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| March 29, 2017, 9:48 am | **Delivered, In/At Mailbox** | **MEMPHIS, TN 38103** |
| | ▲ | |
| | Your item was delivered in or at the mailbox at 9:48 am on March 29, 2017 in MEMPHIS, TN 38103. | |
| March 29, 2017, 8:44 am | Arrived at Post Office | MEMPHIS, TN 38103 |
| March 29, 2017, 4:50 am | Arrived at USPS Facility | MEMPHIS, TN 38101 |
| March 28, 2017, 10:37 pm | Departed USPS Facility | NASHVILLE, TN 37230 |

**See More ⌄**

## Available Actions

| Text Updates | ⌄ |
|---|---|
| Email Updates | ⌄ |
| Proof of Delivery | ⌄ |

**See Less ⌃**

https://tools.usps.com/go/TrackConfirmAction?tLabels=el647388448us

# CERTIFICATE OF SERVICE

Be it known that I, *W. Allen Boyd*, NOTARY, a duly empowered notary public, in and for the STATE OF TENNESSEE, COUNTY OF DAVIDSON, a third party and not a party to the matter for the sole purpose certifying a response or want thereof, at the request of faria, edward george, did present on this day the following documents to wit:

1) Notice of Request for Information and Validation/Verification of Debt with an Intent to Sue (4 Pages);
2) Affidavit of Fact (2 Pages);
3) Reference copy of this **Certificate of Service** (1 page) (Original on File).

I hereby certify that after reviewing the documents, I placed the said documents with the U.S. Postal Service Return Receipt, prepaid and addressed to:

Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
Service #EL 647388448 US

Please send **ALL** correspondence to:
faria, edward george, *Grantor/Beneficiary*
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Suite 103-156
Nashville, Tennessee 37205

I have hereunto set my hand and seal of office on this _28_ day of _March_, 20_17_.

*W. ellen Boyd*
~Notary Public

My Commission Expires: _5/6/2019_

## LEGAL NOTICE

The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I. CHAPTER 73. SEC. 1512. *Tampering with a witness, victim, or an informant*. The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law", which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws.

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 77 of 93 PageID #: 81

From:
faria, edward george, *Grantor/Beneficiary*
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Suite 103-156
Nashville, Tennessee 37205

To:
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103
Certified Mail #7015 0640 0002 3621 6575

RE: Select Portfolio Servicing, Inc. Account No. 0014907687
Rubin Lublin TN, PLLC File No. SPS-15-04643-3

Property Address: *5145 West Oak Highland Drive, Antioch, Tennessee 37013*
Parcel No.: *173-04-0-A 127.00 CO*

Date: March 26, 2017

## NOTICE OF REQUEST FOR INFORMATION AND
## VALIDATION/VERIFICATION OF DEBT WITH AN INTENT TO SUE

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT

To Whom It May Concern:

I am in receipt of a correspondence dated March 17, 2017 stating *"Notice Pursuant to Fair Debt Collection Practices Act (If Applicable)"* and *"Notice of Acceleration and Foreclosure"*. Upon review and discovery it has come to my attention that there are unauthorized commercial transactions transpiring against the EDWARD GEORGE FARIA Trust. As Grantor/Beneficiary of the EDWARD GEORGE FARIA Trust, I am very concerned as I have not authorized anyone to act on behalf of the EDWARD GEORGE FARIA Trust. Please answer the following, in Affidavit form under penalty of perjury pursuant to 28 USC §1746, and mail to the address above:

1. Who gave you administrative authority on the EDWARD GEORGE FARIA Trust;
2. What Power of Attorney or Affidavit under penalty of perjury do you have showing your authorization to administer EDWARD GEORGE FARIA Trust;
3. When were you given authorization to do any administration on EDWARD GEORGE FARIA Trust;
4. Where are the documents filed that gave you administrative authority over the EDWARD GEORGE FARIA Trust;

Page 1 of 4

5. How were you able to administrate the copyright name EDWARD GEORGE FARIA.

Failure to complete the above information and sign under penalty of perjury will be cause for me to file Form 14039, Identity Theft Affidavit, with the IRS. In addition, please answer the attached Debt Collector Disclosure Statement in its entirety under penalty of perjury pursuant to 28 USC §1746 and include any attachments. Please respond to the above request and Debt Collector Disclosure Statement below within **thirty (30) days**. Failure to do so will be your admission and agreement that you have no claim and are estopeled from speaking on this matter. Furthermore, failure to respond will result in a declaratory judgment of your violation of the FDCPA.

## <u>NOTICE OF INTENT TO SUE</u>

If you do not respond exactly as requested, I intend to sue you in a venue of my choosing. The lawsuit will name Rubin Lublin TN, PLLC as Respondent. Don't make the mistake of ignoring this. I have contacted a Notary Public, W. Allen Boyd, in the capacity of a Notary Acceptor, a non-party, to certify a response. All responses must be sent to the address provided below via Certified or Registered Mail to certify a response, if any is given. It is mandatory that if Rubin Lublin TN, PLLC and/or its agents respond to the foregoing, it must be to the mailing location exactly as shown below:

faria, edward george, *Grantor/Beneficiary*
c/o W. Allen Boyd, Notary Public
73 White Bridge Road, Suite 103-156
Nashville, Tennessee 37205

In the interim, I am demanding you to cease and desist from collecting on this alleged debt.

The ball is in your court. Govern yourselves accordingly.

Respectfully Submitted,

faria, edward george
faria, edward george, *Grantor/Beneficiary*

**\*\*Notice: THIS DOCUMENT IS NOT INTENDED TO THREATEN, HARASS, HINDER, OR OBSTRUCT ANY LAWFUL OPERATIONS. IT IS FOR THE PURPOSE OF OBTAINING LAWFUL REMEDY AS IS PROVIDED BY LAW.**

# DEBT COLLECTOR DISCLOSURE STATEMENT

*Note: This is not a verification that you have my address, but a request for validation pursuant to 15 USC 1692(g) of the Fair Debt Collection Practices Act.*

1.  Are you a creditor? YES | NO

2.  If not, please provide the name and address of the creditor:
    _____
    _____

3.  Do you hold the note? YES | NO

4.  If you do not hold the note, who does and where is the note located?
    _____

5.  Is the note in default? YES | NO

6.  Has the note been assigned? YES | NO

7.  If the note has been assigned, what is the date of the assignment?_____

8.  What are the terms of the assignment?
    _____
    _____
    _____

9.  Do I have a contract with you? YES | NO

10. If so, what products or services did you sell me?
    _____
    _____
    _____
    _____

11. Name of alleged debtor:_____
12. Address of alleged debtor:_____
13. Alleged account#(s):_____
14. Total amount of alleged debt: $_____
15. Date alleged debt became payable:_____
16. Date of original charge off or delinquency:_____
17. What amount was paid if debt was purchased: $_____
18. Your commission if collection efforts are successful: $_____
19. Please attach a certified copy of any signed agreement/contract that grants you authority to collect the alleged debt account(s) # above;

20. Please attach a certified copy of any signed agreement/contract that alleged debtor has made with any debt collector, or other verifiable proof that debtor has a contractual obligation to pay any debt collector;

21. Please attach a certified copy of any foundational agreements(s) bearing the alleged debtors signature, making debtor liable for the account number above;

22. Please attach a certified copy of the 2046 balance sheet as it relates to the original "loan"

23. Please attach certified copies of the IRS 1066 REMIC Report;

24. Please attach certified copies of the IRS 1099 OID Report;

25. Please attach certified copies of the FAS sections 125, 133, 140, 5, and 95 audit for alleged account #0014907687;

26. Have any insurance claims been made by any creditor regarding this account? YES | NO

27. Have any tax write-offs been made by any creditor or debt collector regarding this account? YES | NO

28. The debt collector cannot provide a relationship between debt collector and alleged debtor containing alleged debtor's bona fide signature?    YES | NO

I hereby swear (or affirm) under penalty of perjury that I have examined this affidavit, and to the best of my knowledge and belief, the information contained hereon is true, correct, and complete.

Print Name_____

Signature for Debt Collector:_____

On    this    the    _____    day    of    _____,    20___,    before    me, _____,    the    undersigned    Notary    Public,    personally    appeared _____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument(s), and acknowledged to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_____

Signature of Notary Public

_____

Printed Name of Notary Public

My Commission Expires: _____

                                                                    **(SEAL)**

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# Affidavit of Fact

I, faria, edward george (hereinafter "Affiant"), of Nashville, in the County of Davidson, State of Tennessee, make oath and state the following:

1. Affiant is over 18 years old and of legal age.

2. Affiant is competent to state the following facts.

3. Affiant has first-hand knowledge of the facts stated herein.

4. Affiant is Grantor/Beneficiary of the EDWARD GEORGE FARIA Trust at all times.

5. Affiant has no contract with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.

6. Affiant has never done business with RUBIN LUBLIN TN, PLLC and/or any of their agents or assigns.


Further Affiant sayeth not.


I state under penalty of perjury that the foregoing is true and correct.


Executed on this 28th day of March 2017.

faria, edward george

faria, edward george, *Affiant*

*************************************************************************

## JURAT

State/Commonwealth of _Tennessee_ )
County of _Davidson_ ) ss:
)

Sworn and subscribed on this the _28_ day of _March_ , 20_17_, before me,
_W. Allen Boyd_ , the undersigned Notary Public, personally appeared faria,
edward george, personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged
to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal,

_W. eAllen Boyd_
Signature of Notary Public

_W. Allen Boyd_
Printed Name of Notary Public

My Commission Expires: _5/6/2019_

# Notary Certification



**BRENDA WYNN**
**DAVIDSON COUNTY CLERK**
**700 2ND AVENUE SOUTH**
**SUITE 101**
**NASHVILLE, TN 37210**
**615-862-6050**

I, Brenda Wynn, County Clerk of Davidson County, Tennessee having a seal, do hereby certify that

### W ALLEN BOYD

whose name is subscribed to the affidavit or certificate of the proof of acknowledgement of the annexed instrument, and thereon written, was, at the time of taking such affidavit, proof, or acknowledgement, A Notary Public for the State of Tennessee,, commissioned and sworn, and duly authorized under the laws of Tennessee to take the same, and duly authorized to take and certify the acknowledgement and proof of deeds to be recorded in this State. And I do further certify that I am well acquainted with the handwriting of such Notary, and verily believe that the signature to said affidavit, or certificate of proof, or acknowledgement, is genuine; that said Notary's commission is dated

### 05/06/2015 and expires 05/06/2019

And I do further certify that under the Laws of Tennessee, impressions of the seal of Notaries Public are not required to be filed with the County Clerk or with the Clerk of the County Court.

Witness my hand and seal of said office,
at Nashville, Tennessee, this 28th day of March, 2017.

_____, Clerk

by _____, D.C.

# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## 20TH JUDICIAL DISTRICT, DAVIDSON COUNTY, PART TWO

EDWARD FARIA                    )
                               )
    Petitioner,              )
                               )
v.                             )          Case No. 17-416-II
                               )
RUBIN LUBLIN TN, PLLC          )
                               )
    Respondent.              )

## ORDER

On May 2, 2017, the Petitioner filed a request for a Temporary Restraining Order pursuant to Tenn. R. Civ. P. 65.03 to prevent the Respondents from foreclosing on his real property located at 5145 West Oak Highland Drive, Antioch, Tennessee 37013, such foreclosure scheduled for May 4, 2017 at 10:00 a.m.

In Tennessee, proceedings to enjoin foreclosures involving real property are governed by statute. A party seeking to enjoin a foreclosure sale under a deed of trust is required to "distinctly state how, when, and to whom the debt or any part of the debt secured aforementioned has been paid, or any circumstances of fraud which vitiate the contract." Tenn. Code Ann. § 29–23–202 (2014); *see also Daunhauer v. Bank of New York Mellon,* No. 3:12–CV–01026, 2013 WL 209250, at *3 (M.D. Tenn. Jan. 16, 2013) (concluding that Tenn. Code Ann. § 29–23–202 only presents grounds for an injunction where the party alleges repayment of the debt owed or fraud that would vitiate the mortgage contract).

Here, because Mr. Faria's petition fails to allege either of the above-stated grounds, it fails to comply with the statute and the Court respectfully declines to grant injunctive relief.

It is so ORDERED.

_William E. Young_
WILLIAM E. YOUNG
CHANCELLOR, PART II

Cc:    Edward Faria
       2479 Murfreesboro Rd. #507
       Nashville, Tennessee 37217

       Rubin Lublin TN, PLLC
       119 S. Main Street, Suite 500
       Memphis, Tennessee 38103

ORIGINAL

| STATE OF TENNESSEE 20ᵀᴴ JUDICIAL DISTRICT CHANCERY COURT | SUMMONS | CASE FILE NUMBER 17-416 II |
|---|---|---|

~~PLAINTIFF~~ P Claimant

Edward Faria

~~DEFENDANT~~ Respondent

Rubin Lublin TN, PLLC

TO: (NAME AND ADDRESS OF ~~DEFENDANT~~) Respondent

Rubin Lublin TN, PLLC
c/o Natalie Brown, Registered Agent
119 S. Main Street
Memphis, TN 38103

List each defendant on a separate summons.

Method of Service:

☑ Certified Mail
☐ Davidson Co. Sheriff
☐ *Comm. Of Insurance
☐ *Secretary of State
☐ *Out of County Sheriff
☐ Private Process Server
☐ Other
    *Attach Required Fees

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

Attorney for plaintiff or ~~plaintiff if~~ filing Pro Se:
(Name, address & telephone number) Claimant

Edward Faria
2479 Murfreesboro Rd. #507
Nashville, Tennessee 37217
615-582-2440

FILED, ISSUED & ATTESTED

MAY - 2 2017

MARIA M. SALAS, Clerk and Master
By:                          1 Public Square
                             Suite 308
                             Nashville, TN 37201

Deputy Clerk & Master

NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED |
|---|---|
| | |
| | Sheriff |

***Submit one original plus one copy for each defendant to be served.

ᵇ ADA Coordinator, Maria M. Salas (852-5710)

## RETURN ON SERVICE OF SUMMONS

FILED
2017 MAY 12 PM 3:53
CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____          ☐ Not Found _____
☐ Not Served _____       ☐ Other _____

| DATE OF RETURN: | By: |
| --- | --- |
| | *LN* D.C.& M |

Sheriff/or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the __2ᵉᵈ__ day of __May_____, 20__1̶7̶__, I sent, postage prepaid, by registered return

receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case __17-416-Ⅱ__ to

the defendant __Rubin Lublin TN, PLLC__. On the __9ᵗʰ__ day of __May_____, 20__17__, I received the return

receipt, which had been signed by __Rachel F.__ on the __3ʳᵈ__ day of __May_____, 20__17__.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

Sworn to and subscribed before me on this __12__ day of __MAY__
_____, 20__1̶7̶__.
Signature of __☑__ Notary Public or ☐ Deputy Clerk

*Gordan Weyle*

My Commission Expires: __09-04-2020__

Signature of plaintiff, plaintiff's attorney or other person
authorized by statute to serve process.

*Maria edward george, Administrator*

GORDON WEYGE
STATE OF TENNESSEE NOTARY PUBLIC DAVIDSON COUNTY

## NOTICE OF PERSONAL PROPERTY EXEMPTION

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
1 Public Square
Suite 308
Nashville TN 37201

Please state file number on list.

## CERTIFICATION (IF APP...

I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case.

MAI...

By:

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Rubin Lublin TN, PLLC
c/o Natalie Brown, Registered
119 S. Main Street
Memphis, TN 38103
Agent #500

9590 9402 9841 7069 4158 52

2. Article Number (Transfer from service label)
EL 420125604 US

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  *Rachel F.*  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)  C. Date of Delivery
*Rachel F.*  5/3/17
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

*N1*

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

CLERK & MASTER
DAVIDSON C...
2017 MAY

# IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
## TWENTIETH JUDICIAL DISTRICT, DAVIDSON COUNTY

EDWARD FARIA,                           )
                                        )
     Claimant,                          )   CIVIL ACTION NO. _17-416-II_
                                        )
v.                                      )
                                        )
                                        )
                                        )
RUBIN LUBLIN TN, PLLC                   )
                                        )
     Respondent,                        )

## MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER

**COMES NOW** EDWARD FARIA (hereinafter "Claimant"), for clarity, full disclosure and with

clean hands, and moves this court for a Preliminary Injunction and to Set Aside a Trustee Sale in this

action for failure to show being the real party in interest and lack of standing to conduct any sale on

Claimant's real property.

## I.   TEMPORARY INJUNCTION

Upon information discovered, Respondent lacks standing and/or authorization to

conduct any sale on Claimant's real property. Claimant has attempted to communicate with

Respondent, and upon their non-responses, Claimant brings forth this action for an injunction.

As a result of Respondent's acts, which are without authority, Claimant has sustained or will

sustain great and irreparable injury if Respondent is allowed to maintain the sale of Claimant's

property, which is unique and is not replaceable, Claimant will lose the use and enjoyment of

the property.

The Courts have utilized the *Dataphase Sys., Inc. VCL Sys., Inc., 640 F.2d 109, 113 (8th*

*Cir. 1981)* to issue a temporary restraining order for the following:

Case 3:17-cv-00903   Document 1-1   Filed 05/31/17   Page 89 of 93 PageID #: 93

a.  The threat of irreparable harm to the movant;

b.  The state of balance between this harm and the injury that granting the injunction will inflict on the other parties litigants;

c.  The probability that movant will succeed on the merits; and

d.  The public interest.

There is a substantial likelihood that Claimant will prevail on the merits. (*See: Schiavo v. Schiavo 403 F.3d 1223, 1225 (11th Cir. 2005)*). Claimant will be able to show that:

1.  On March 28, 2017, W. Allen Boyd, a Notary Public for the County of Davidson, Tennessee, on behalf of Claimant, sent Respondent a Notice of Request for Information and Validation/Verification of Debt With An Intent to Sue pursuant to 15 USC §1692 (g), granting Respondent **thirty (30) days** to respond under penalty of perjury pursuant to 28 USC §1746 to all questions and to the Debt Collector Disclosure Statement provided.

2.  Claimant noticed Respondent that failure to respond under penalty of perjury pursuant to 28 USC §1746 and provide any attachments within **thirty (30) days** would be Respondent's agreement that there is "…no claim and are estopeled from speaking on this matter."

3.  Claimant further noticed Respondent to cease and desist all collection activities.

4.  As of April 28, 2017, Respondent has failed to properly respond as outlined, thereby agreeing that there is no claim, that they are estopeled from speaking on this matter, and establishing Respondent as a "debt collector" as defined by FDCPA 15 U.S.C. §1692 a(6).

MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER Page **2** of **5**

5. Pursuant to 15 USC §1692 (f)(6), "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ... Taking or threatening to take any nonjudicial action to effect dispossession... of property..."

6. Pursuant to 15 USC §1692 (a)(4), a creditor "...does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another."

The Claimant will suffer irreparable harm absent injunctive relief. The threatened harm to Claimant outweighs the harm that a preliminary injunction would inflict on Respondent(s) *See: Schivo, 403 F.3d at 1225-26*. Issuance of a preliminary injunction would not adversely affect the public interest and public policy because there are already a considerable number of empty houses with the current foreclosure fiasco. Adding more will increase the burden of the surrounding public, where potential vandalism can take place allowing the decrease in property value of other properties.

The court should enter this preliminary injunction without notice to Respondent.

II.   **SETTING ASIDE TRUSTEE SALE**

The trustee sale on Claimant's real property is causing a considerable amount of harm on Claimant. It has been well settled that setting aside a trustee sale can be maintained if correct procedures were not followed and the Trustee attempting to sell the property lacked standing. Determining whether to set aside a Trustee's sale is covered succinctly in the following statement in the C.J.S.:

"On a showing of sufficient grounds a proceeding to set aside a foreclosure sale may be maintained in equity at the suit of a person interested in the subject matter and whose

right is affected by the sale, including the mortgagor, or those claiming under him, such as his heirs and personal representatives, or a purchaser of the equity of redemption, if injured by the sale." (emphasis supplied) Vol. 59 C.J.S. Mortgages § 601(A), p. 1050

The Trustee is attempting to exercise the power of sale in violation of the deed of trust. (*CitiFinancial Mortgage Co., Inc. v. Beasley, No. 2007 WL 77289, at \*6 (Tenn. Ct. App. Jan 2007)*). Tennessee law has required the Trustee's strict compliance with the advertisement and notice terms as provided in the deed of trust. (*See: e.g., Henderson v. Galloway, 27 Tenn. 692, 695-96 (Tenn. 1848)*) Specifically, if the terms are sufficiently clear and originate in the deed of trust, the law demands strict compliance for the conveyance to be valid. (*See: Progressive Bldg. & Loan Ass'n v. McIntyre, 89 S.W.2d 336, 336 (Tenn. 1936)*). If a trustee breaches its fiduciary duty in the controlling terms, the foreclosure sale may be set aside. (*See Progressive Bldg. & Loan Ass'n v. McIntyre, 89 S.W.2d at 337*)

Moreover, Claimant has filed a complaint against RUBIN LUBLIN TN, PLLC, as Claimant has discovered several violations pursuant to the Fair Debt Collection Practices Act (FDCPA).

## CONCLUSION

**WHEREFORE,** for the above foregoing reasons, Claimant respectfully requests that this Honorable Court **GRANT** Claimant's Temporary Restraining Order to prevent Respondent from selling Claimant's home until such a time that Respondent is able to prove standing and/or authorization under penalty of perjury pursuant to 28 USC §1746. Claimant also respectfully requests that this Honorable Court **COMPEL** Respondent to show standing and/or authorization under penalty of perjury pursuant to 28 USC §1746 within **thirty (30) days**. Should Respondent fail to respond within **thirty (30) days**, Claimant requests this Honorable Court **GRANT** a Permanent Restraining Order against Respondent, its agents and/or assigns

from taking **ANY** further actions against Claimant in the future. Award Claimant court costs and any other relief this Honorable Court deems reasonable. Claimant concurrently submits a Memorandum In Support of Temporary Restraining Order and an Affidavit of Truth dated April 30th, 2017.

### PRAYER

**WHEREFORE**, for these reasons, Claimant **PRAYS** this Honorable Court do the following:

a. Prevent Respondent from foreclosing on and selling the property by issuing a Temporary Restraining Order.

b. Prevent Respondent from foreclosing on and selling the property until and unless Respondent prevails in the current litigation.

c. Enter judgment for Claimant.

d. Award costs of court.

e. Grant any other relief it deems appropriate.

Date: 1st day of May, 2017

Respectfully Submitted,

"With All Rights Reserved"

faria, edward george

faria, edward george, *Administrator*

MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER Page **5** of **5**
