**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

EDWARD FARIA,

     Plaintiff,

v.

RUBIN LUBLIN TN, PLLC

     Defendant.

Case No. 3:17-cv-00903
Chief Judge Crenshaw
Magistrate Judge Frensley

## RUBIN LUBLIN TN, PLLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Rubin Lublin TN, PLLC ("Rubin Lublin"), the Defendant in the above-styled civil action, and files this Memorandum of Law in Support of their Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

### STATEMENT OF FACTS

In this *pro se* action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, Plaintiff Edward Faria ("Plaintiff") seeks nothing other than a "Declaratory Judgment pursuant to Tenn. R. Civ. P. 57 stating that Respondent [Rubin Lublin] is a debt collector pursuant to 15 USC § 1692(a)(6)." [Doc. 1-1], ¶ 7. This is not the proper use of the Declaratory Judgment Act, and the Plaintiff has otherwise failed to state a claim under the FDCPA.

The Plaintiffs claim(s) are related to a mortgage loan on the property located at 5145 West Oak Highland Drive, Antioch, Tennessee 37013 (the "Property"). The subject loan was obtained on September 28, 2006, from WMC Mortgage Corporation, in the original principal amount of $191,755.00. To secure repayment of this loan, the Plaintiff conveyed the Property via

1

deed of trust to Arnold M. Weiss, as Trustee for Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for WMC Mortgage Corporation, its successors and assigns (the "Deed of Trust"). The Deed of Trust was recorded on October 6, 2006, as Instrument No. 20061006-0124718 in the Davidson County Register's Office. A true and correct copy of the Deed of Trust is attached hereto as **Exhibit "A"**.[1]

On December 9, 2008, MERS assigned the Deed of Trust to U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Trust 2006-WMC4, Asset Backed Pass-Through Certificates, Series 2006-WMC4 ("U.S. Bank"), recorded as Instrument No. 20130104-0001513 in the Davidson County Register's Office (the "Assignment"). *See* [Doc. 1-1] at ¶ 15. A true correct copy of the Assignment is attached hereto as **Exhibit "B"**.[2]

On October 15, 2015, U.S. Bank named Rubin Lublin as the Substitute Trustee of the Deed of Trust by executing an Appointment of Substitute Trustee ("the Appointment"). *See* [Doc. 1-1] at ¶ 16. The Appointment was recorded on October 22, 2015, as Instrument No. 20151022-0107746 in the Davidson County Register's Office. A true and correct copy of the Appointment is attached hereto as **Exhibit "D"**.

According to the Plaintiff, he received a communication from Rubin Lublin "[o]n or about March 19, 2017." [Doc. 1-1] at ¶ 13. This communication was allegedly "a dunning letter in an attempt to collect an alleged debt Respondent [Rubin Lublin] claim is owed them [*sic*]." *Id.*

---

[1] This Court can consider "exhibits attached to the complaint, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (citations omitted) (internal quotations omitted).

[2] The Plaintiff references two assignments in his Complaint, recorded on December 15, 2008, and January 4, 2013. *See* [Doc. 1-1] at ¶ 15. The second assignment, in 2013, was a duplicate assignment from MERS, which had already conveyed all of its interest in the 2008 assignment. A true and correct copy of the second assignment is attached hereto as **Exhibit "C"**.

at ¶ 10. The Plaintiff claims that he "is without knowledge of the alleged debt Responded purport to claim is owed" *Id.* at ¶¶ 12. However, the Plaintiff later acknowledges that he does know what the debt is – it is a mortgage loan secured by a deed of trust that Rubin Lublin scheduled to foreclose on May 4, 2017. *Id.* at ¶¶ 15-16. He also admits that the mortgage is in default. *Id.* at ¶ 15.

In response to the letter from Rubin Lublin, the Plaintiff claims that "W. Allen Boyd, a Notary Public for the County of Davidson, Tennessee, on behalf of Claimant, sent Respondent a Notice of Request for Information and Validation/Verification of Debt With An Intent to Sue pursuant to 15 USC § 1692(g), granting Respondent **thirty (30) days** to respond under penalty of perjury pursuant to 28 USC § 1756 to all questions and to the Debt Collection Disclosure Statement provided." *Id.* at ¶ 20 (emphasis in original). The letter, attached as Exhibit A to the Complaint, is an unintelligible laundry list of questions that reference an unknown "EDWARD GEORGE FARIA Trust." *See* [Doc. 1-1] at pp. 12-13. For example, the letter asks "How were you able to administrate the copyright name EDWARD GEORGE FARIA." *Id.* at p. 13. It goes on to state that Rubin Lublin's "[f]ailure to complete the above information and sign under penalty of perjury will be cause for me to file Form 10439, Identity Theft Affidavit, with the IRS." *Id.* Rubin Lublin allegedly did not respond within this arbitrary time frame. *Id.* at ¶ 23.

Although the Plaintiff explicitly requests only a declaratory judgment, his Complaint references various other provisions of the FDCPA:

- In Paragraph 14, the Plaintiff contends that "[w]ithin that communication Respondent claims that Claimant owes an alleged debt, which is a violation of 15 USC § 1692(e)(2)(A) and 15 USC §1692(f)(1).

- In Paragraph 18, the Plaintiff states that "Respondent set a foreclosure sale date for May 4, 2017, which is a violation of 15 USC § 1692(d)(4) and 15 USC §1692(e)(4).

- In Paragraph 19, the Plaintiff alleges that Rubin Lublin did not "provide proper identification pursuant to 15 USC § 1692(e)(11)."

- In Paragraph 24, the Plaintiff cites to 15 U.S.C. § 1692f(6).

In addition to filing a Complaint, the Plaintiff also filed a "Memorandum of Law in Support of Complaint." *Id.* at pp. 19-22. This document largely mirrors the Complaint, but includes one additional allegation: "according to item 22 of the Deed of Trust, only the **ORIGINAL** lender can assign a trustee. Upon information and belief, the original lender, WMC Mortgage Corp., went out of business in 2008." [Doc. 1-1] at p. 22 (emphasis in original). However, as will be shown, this is simply not true, and moreover, does not support any cause of action under the FDCPA. The Plaintiff has failed in all respects to state a claim, and this case should be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

### A.      STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of

4

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). "Rule 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-679.

## B.  THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR A DECLARATORY JUDGMENT

As noted above, the Plaintiff's only explicit request for relief is for a "Declaratory Judgment pursuant to Tenn. R. Civ. P. 57 stating that Respondent [Rubin Lublin] is a debt collector pursuant to 15 USC § 1692(a)(6)." [Doc. 1-1], ¶ 7. Since this case is now in federal court, Tenn. R. Civ. P. 57 does not apply, and "[u]pon removal, federal courts analyze a state law declaratory judgment action under 28 U.S.C. § 2201 [the Declaratory Judgment Act]." *Kantz v. Rubin Lublin, PLLC*, No. 3:14-01113, 2015 WL 1543531, at *12 n.4 (M.D. Tenn. Apr. 6, 2015), *aff'd*, No. 15-5490 (6th Cir. March 30, 2017) (citations omitted).[3]

> [T]he Declaratory Judgment Act, 28 U.S.C. § 2201(a), that provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." As to those those declaratory-judgment actions that satisfy the case-or-controversy requirement, the Supreme Court has stated:

>> Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941), we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

---

[3] All unpublished cases cited herein are collectively attached hereto as **Exhibit "E"**.

5

> *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S.Ct. 764,
> 166 L.Ed.2d 604 (2007) (internal citation omitted).

*Id.* at *12-13.

In line with the Supreme Court's jurisprudence, the Sixth Circuit "has adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment." *AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004). The five factors are:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)). Furthermore, "[t]he purpose of the Declaratory Judgment Act is . . . to settle actual controversies before they ripen into violations of law or breach of some contractual duty and to prevent the accrual of avoidable damages to those uncertain of rights." *Great-W. Life & Annuity Co. v. Petro Stopping Centers, L.P.*, No. CIV.A. 3:01CV1847G, 2001 WL 1636413, at *5 (N.D. Tex. Dec. 18, 2001) (citations omitted.

The factors here weigh overwhelmingly against issuing a declaratory judgment, and moreover, the Plaintiff has failed to plead facts showing that he is entitled to a declaratory judgment. He simply wants a declaration that Rubin Lublin meets the definition of a debt collector under 15 U.S.C. § 1692a(6). However, he has not pleaded any facts showing that Rubin Lublin meets this definition, and a plaintiff must plead facts that demonstrate the defendant is a "debt collector" under the statute. *Bridge v. Ocwen Federal Bank, FSB,* 681 F.3d. 355, 366 (6th Cir. 2012). Without any facts showing that the Plaintiff is entitled to a declaratory judgment, his

claim must be dismissed. Additionally, the Plaintiff is impermissible seeking a declaratory judgment regarding what he perceives to be FDCPA violations that have already occurred, which is counter to the purpose of a declaratory judgment "to settle actual controversies before they ripen into violations of law." *Great W. Life*, 2001 WL 1636413, at *5.

As for the five factors to be analyzed, the Plaintiff has not shown that any controversy exists between the parties that could be resolved by labeling Rubin Lublin as a debt collector under the FDCPA. This fact alone is sufficient to decline jurisdiction over the declaratory judgment claim because it would not "settle the controversy" or "serve a useful purpose in clarifying the legal relations at issue." *Dale*, 386 F.3d at 785. Further, there is "an alternative remedy that is better or more effective," and that would be a claim for damages under the FDCPA, which is provided for by 15 U.S.C. § 1692k. This is the proper way to bring a claim for a violation of the FDCPA, and this Court should dismiss the Plaintiff's request for a declaratory judgment.

## C.        THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FDCPA

To the extent that the Plaintiff is also bringing a claim under the FDCPA pursuant to 15 U.S.C. § 1692k, he has still failed to state a claim. In order to adequately plead a case under the FCPA, a plaintiff must show, "that the money or property being collected qualifies as a 'debt.' Second, the collecting entity must qualify as a 'debt collector.' Third, a plaintiff must show that the debt collector violated a provision of the FCPA." *Stamper v. Wilson & Assocs., P.L.L.C.,* No. 3:09-cv-270, 2010 WL 1408585, at *3 (E.D. Tenn. March 31, 2010).

### 1.   *Plaintiff has failed to show that Rubin Lublin is a debt collector*

First, the Plaintiff has failed to show that Rubin Lublin qualifies as a debt collector under the FDCPA. A plaintiff must plead facts that demonstrate the defendant is a "debt collector"

7

under the statute, simply labeling the defendant as a "debt collector" is a, "legal conclusion that

is not entitled to be credited as true on a motion to dismiss." *Bridge,* 681 F.3d. 355 at 366. Under

the statute a "debt collector" is:

> [Any] person who uses any instrumentality of interstate commerce or the mails in
> any business the principal purpose of which is the collection of any debts, or who
> regularly collects or attempts to collect, directly or indirectly, debts owed or due
> or asserted to be owed or due another. Notwithstanding the exclusion provided by
> clause (F) of the last sentence of this paragraph, the term includes any creditor
> who, in the process of collecting his own debts, uses any name other than his own
> which would indicate that a third person is collecting or attempting to collect such
> debts. For the purpose of section 1692f(6) of this title, such term also includes any
> person who uses any instrumentality of interstate commerce or the mails in any
> business the principal purpose of which is the enforcement of security interests.

15 U.S.C. §1692a(6).

Here, Plaintiff's Complaint does not contain any facts that allege Rubin Lublin is a "debt

collector." Instead, Plaintiff states that, "Respondent is a 'debt collector' as defined by FDCPA

15 U.S.C. §1692a(6)." *See* [Doc. 1-1], p. 3, ¶ 4. This statement is conclusory, void of facts, and

insufficient to survive a motion to dismiss. See *Bridge,* 681 F.3d at 366. As the Plaintiff has not

shown that Rubin Lublin is a debt collector as defined by the FDCPA, his claims under the Act

must be dismissed.

### 2. *Plaintiff has failed to show that Rubin Lublin has violated the FDCPA*

Even if the Plaintiff has shown that Rubin Lublin is a debt collector within the meaning

of the statute, he has failed to sufficiently plead that Rubin Lublin violated the FDCPA.

- In Paragraph 14, the Plaintiff contends that "[w]ithin that communication Respondent

  claims that Claimant owes an alleged debt, which is a violation of 15 USC §

  1692(e)(2)(A) and 15 USC §1692(f)(1).

Section 1692e(2)(A), prohibits "the false representation of the character, amount, or legal

status of any debt." Section 1692f(1) prohibits "the collection of any amount (including any

8

interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Here, there are no allegations that Rubin Lublin did anything prohibited by either section. Instead, the Plaintiff makes a conclusory allegation that he "is without knowledge of the alleged debt Respondent purport to claim is owed." [Doc. 1-1] at ¶ 12. Simply because the Plaintiff claims (rightly or wrongly) to be without knowledge does not mean the statement is false. Without factual allegations showing that any statement made by Rubin Lublin was false or that it attempted to collect amounts not allowed to be collected, the Plaintiff has failed to show a violation of either Section 1692e(2)(A) or 1692f(1).

- In Paragraph 18, the Plaintiff states that "Respondent set a foreclosure sale date for May 4, 2017, which is a violation of 15 USC § 1692(d)(4) and 15 USC §1692(e)(4).

Section 1692d(4) provides that a debt collector may not place an "advertisement for sale of any debt to coerce payment of the debt." Section 1692e(4) prohibits "the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." The Plaintiff's claims under both sections fail. First, as to Section 1692d(4), there are no allegations in the Complaint that Rubin Lublin scheduled and advertised a foreclosure sale simply to coerce payment of a debt. Simply advertising a foreclosure sale "to initiate foreclosure and comply with the requirements for a non judicial foreclosure" is not a violation of this section. *Newman v. Trott & Trott, P.C.*, 889 F. Supp. 2d 948, 965 (E.D. Mich. 2012).

Second, the claim under Section 1692e(4) also fails. There are no allegations that Rubin Lublin's attempt to foreclose as Substitute Trustee was unlawful, and the public records show

9

that it was properly appointed and authorized as Substitute Trustee in order to initiate foreclosure.[4] There are similarly no allegations that Rubin Lublin did not intend to foreclose. Thus, the Plaintiff's claims under these two sections fail as a matter of law.

- In Paragraph 19, the Plaintiff alleges that Rubin Lublin did not "provide proper identification pursuant to 15 USC § 1692(e)(11)."

Under Section 1692e(11), a debt collector violates the FDCPA by

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Here, not only did the Plaintiff fail to allege any facts regarding what the letter did or did not say, and thus the Complaint does not plead a plausible claim in line with *Twombly* and *Iqbal*.

Accordingly, the Plaintiff has failed to state a claim for a Section 1692e(11).

---

[4] In his Memorandum of Law in Support of Complaint, the Plaintiff seems to suggest that Rubin Lublin was not properly appointed as Substitute Trustee because he contends that only the original lender named in the Deed of Trust can appoint a Substitute Trustee, and Rubin Lublin was appointed by U.S. Bank. *See* [Doc. 1-1] at p. 22. There is no support for this assertion.

> "[U]nder Tennessee law, the deed of trust follows the note. Whoever holds the note owns the deed." *Thompson*, 773 F.3d at 749 (citing *W.C. Early Co. v. Williams*, 135 Tenn. 249, 186 S.W. 102, 103–04 (1916); *Clark v. Jones*, 93 Tenn. 639, 27 S.W. 1009, 1010 (1894)). This means that "the holder of a Note has the right to pursue foreclosure on the corresponding security instrument," *Cariaco v. B17 Holdings, LLC*, No. 3:13–CV–401–TAV–HBG, 2014 WL 2208936, at *3 (E.D. Tenn. May 28, 2014) (quoting *Schmidt v. Nat'l City Corp.*, No. 3:06–CV–209, 2008 WL 5248706, at *10 (E.D. Tenn. Dec. 17, 2008)), regardless of whether a party properly effectuated the assignment of a deed of trust in the first place, *see Brichant*, 616 Fed. Appx. at 790–91; *Evans v. Wells Fargo Bank, N.A.*, No. 15–2725–STA–cgc, 2015 WL 9244607, at *4 (W.D. Tenn. Dec. 17, 2015).

*Jones v. Select Portfolio Servicing, Inc.*, 672 F. App'x 526, 532 (6th Cir. 2016). As such, U.S. Bank had full rights under the Deed of Trust to appoint Rubin Lublin as the Substitute Trustee.

- In Paragraph 24, the Plaintiff cites to 15 U.S.C. § 1692f(6).

Under this section, of the FDCPA, a debt collector violates the Act by

> **(6)** Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if--
>> **(A)** there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>> **(B)** there is no present intention to take possession of the property; or
>> **(C)** the property is exempt by law from such dispossession or disablement.

The Plaintiff has not pleaded any facts showing that any of the three subsections apply here. Instead, the Plaintiff makes only a passing reference to Section 1692f(6) without any factual allegations showing how it has been violated. Without such facts being pleaded, the Plaintiff has failed to state a claim.

### 1. *The Plaintiffs have failed to plead damages*

Finally, assuming *arguendo* that the Plaintiff properly pleaded a claim under the FDCPA, he is only entitled to recover, at most, $1,000 in statutory damages. Pursuant to 15 U.S.C. § 1692k(a)(1)-(2), a plaintiff can recover "any actual damage" and "such additional [statutory] damages as the court may allow, but not exceeding $1,000." "In contrast to statutory damages, a defendant is not strictly liable for actual damages, and a plaintiff who does not plead or prove any specific loss will not recover actual damages under the FDCPA." *Soren v. Equable Ascent Fin., LLC*, No. 2:12-cv-00038, 2012 WL 2317362, at *3 (D. Utah June 18, 2012) (citing *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 805 (2d Cir. 1989)). Conclusory allegations will not suffice to show actual damages, and *specific* damages must be pleaded. *Id.*

Here, the Complaint contains absolutely no reference whatsoever to damages. Therefore, this Court should find that, even if the Plaintiff can proceed with his FDCPA claim, he cannot recover actual damages, and any potential recovery is limited to $1,000.00 in statutory damages.

11

## CONCLUSION

Based on the foregoing, Rubin Lublin respectfully requests that this Court grant its Motion to Dismiss.

Respectfully submitted this 7th day of June, 2017.

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)
**RUBIN LUBLIN TN, PLLC**
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, Georgia 30071
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com

NATALIE K. BROWN (BPR # 22452)
**RUBIN LUBLIN TN, PLLC**
119 S. Main Street, Suite 500
Memphis, TN 38103
(901) 322-8705 (Telephone)
nbrown@rubinlublin.com

*Attorneys for Rubin Lublin TN, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 7th day of June, 2017, served all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Edward Faria
2479 Murfreesboro Road, # 507
Nashville, TN 37217

*/s/ Bret J. Chaness*
BRET J. CHANESS (BPR # 31643)

12