Communication from Edward Faria/Consumer 15 USC 1692a (3)
At United States District Court
For the Middle District of Tennessee

FILED
2017 AUG -3 AM 10: 40
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| EDWARD FARIA, | ) |
| | ) |
| Consumer/Claimant, | ) Case No. 3:17-cv-00903 |
| | ) |
| v. | ) |
| | ) |
| RUBIN LUBLIN TN, PLLC | ) |
| | ) |
| Debt Collector/Respondent, | ) |

## CONSUMER/CLAIMANT'S NOTICE TO STRIKE RUBIN LUBLIN TN, PLLC'S MOTION TO STAY CASE UNTIL RULING ON MOTION TO DISMISS IN ITS ENTIRETY

**COMES NOW** EDWARD FARIA, (hereinafter "Consumer/Claimant") and enters this CONSUMER/CLAIMANT'S NOTICE TO STRIKE RUBIN LUBLIN TN, PLLC'S MOTION TO STAY CASE UNTIL RULING ON MOTION TO DISMISS IN ITS ENTIRETY pursuant to Federal Local Rules of Court LR7.01(b). Consumer/Claimant asks that the court take Judicial Notice of the enunciation of principles as stated in <u>Haines v. Kerner</u>, *404 U.S. 519*, wherein the court have recognized Pro per litigants should not to be held to the same standards as licensed attorneys. Consumer/Claimant is a Consumer pursuant to 15 USC §1692a (3) and 15 USC §1692c (d). Consumer/Claimant further asks this Court to take Judicial Notice of the doctrine of "least sophisticated consumer" standard under the FDCPA. Consumer/Claimant states the following:

### STATEMENT OF FACTS

1. RUBIN LUBLIN TN, PLLC (hereinafter "Debt Collector/Respondent") continues to harass, oppress, and abuse Consumer/Claimant by using language unfamiliar to Consumer/Claimant, such as "unnecessary filings", "shifting nature", "purported",

Case 3:17-cv-00903   Document 30   Filed 08/03/17   Page 1 of 5 PageID #: 376

"nonsensical", "frivolous assertions", "abused his status", "tax the resources", and "irrelevant filings", violations of 15 USC §1692d (1) and (2).

2. Debt Collector/Respondent has failed to rebut Consumer/Claimant's Declarations filed on June 20, 2017, which are concise first hand facts.

3. Debt Collector/Respondent has failed to rebut Consumer/Claimant's Declarations filed on June 28, 2017, which are concise first hand facts.

4. Debt Collector/Respondent has failed to rebut Consumer/Claimant's Declaration filed on July 18, 2017, which are concise first hand facts.

5. Debt Collector/Respondent has failed to rebut Consumer/Claimant's Declaration filed on July 25, 2017, which are concise first hand facts.

6. Debt Collector/Respondent has failed to present any Affidavits or Declarations, sworn under penalty of perjury, supporting their Motion to Dismiss filed on June 7, 2017 with first hand facts pursuant to Fed. R. Civ. P. Rule 56 (c) (4).

7. Debt Collector/Respondent has failed to present any Affidavits or Declarations, sworn under penalty of perjury, supporting their Reply to Motion to Dismiss filed on July 13, 2017 with first hand facts pursuant to Fed. R. Civ. P. Rule 56 (c) (4).

8. RUBIN LUBLIN TN, PLLC has failed to present any Affidavits or Declarations, sworn under penalty of perjury, supporting their Motion to Stay Case Until Ruling on Motion to Dismiss filed on July 20, 2017 with first hand facts pursuant to Fed. R. Civ. P. Rule 56 (c) (4).

9. Pursuant to Fed. R. Civ. P. Rule 56 (c) (4) "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on

the matters stated."

10. Furthermore, pursuant to Fed. R. Civ. P. Rule 56 (e) (3) "the court may... grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it..."

11. Consumer/Claimant again asks this court to take Judicial Notice of *Trinsey v. Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647* in which "The defendents' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."

12. Debt Collector/Respondent has agreed, through acquiescence, that they have **NO CLAIM** and are **ESTOPPELED** from speaking on this matter through non-response with Consumer/Claimant **BEFORE** coming before this court.

13. Debt Collector/Respondent continues to communicate and speak on this matter, violating the private agreement with Consumer/Claimant.

14. Pursuant to Article 1, Section 10, Clause 1 of the US Constitution, "No State shall...pass any Law impairing the Obligation of Contracts..."

15. Furthermore, Debt Collector/Respondent still continues to address Consumer/Claimant as a "Plaintiff", which Consumer/Claimant is not, violation of 15 USC §1692d (2).

16. Debt Collector/Respondent also still continues to address Consumer/Claimant as "Pro Se", which Consumer/Claimant is not, violation of 15 USC §1692d (2).

17. Debt Collector/Respondent is increasing the cost of litigation to this court with

unnecessary and irrelevant filings.

18. Consumer/Claimant is the **ONLY** party with a valid claim supported by Affidavits or Declarations, signed under penalty of perjury, pursuant to Fed. R. Civ. P. Rule 56 (c) (4).

19. Consumer/Claimant has faithfully followed procedure pursuant to Fed. R. Civ. P. Rule 56 (c).

20. Consumer/Claimant moves for settlement and closure of this matter.

## CONCLUSION

**WHEREFORE,** for the above foregoing reasons, Consumer/Claimant **MOVES** this court to **STRIKE** RUBIN LUBLIN TN, PLLC'S MOTION TO STAY CASE UNTIL RULING ON MOTION TO DISMISS IN ITS ENTIRETY with prejudice. Consumer/Claimant **MOVES** this court to **GRANT** Summary Judgment and any other relief it deems appropriate. Consumer/Claimant concurrently submits a Memorandum of Law Supporting Consumer/Claimant's Notice to Strike Rubin Lublin TN, PLLC's Motion to Stay Case Until Ruling on Motion to Dismiss In Its Entirety and Declaration of faria, edward george Supporting Consumer/Claimant's Notice to Strike Rubin Lublin TN, PLLC's Motion to Stay Case Until Ruling on Motion to Dismiss In Its Entirety.

Dated this 3rd day of August, 2017.

                                      From Consumer,
                                      "With All Liberties and Rights Reserved"

                                      *faria edward george*
                                      faria, edward george, *Consumer*

# Communication from Edward Faria/Consumer 15 USC 1692a (3)
## At United States District Court
## For the Middle District of Tennessee

| | | |
|---|---|---|
| EDWARD FARIA, | ) | |
| | ) | |
| Consumer/Claimant, | ) | Case No. 3:17-CV-00903 |
| | ) | |
| v. | ) | |
| | ) | |
| RUBIN LUBLIN TN, PLLC | ) | |
| | ) | |
| Debt Collector/Respondent, | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing:

- Consumer/Claimant's Notice to Strike Rubin Lublin TN, PLLC's Motion to Stay Case Until Ruling on Motion to Dismiss in its Entirety;
- Memorandum of Law Supporting Consumer/Claimant's Notice to Strike Rubin Lublin TN, PLLC's Motion to Stay Case Until Ruling on Motion to Dismiss in its Entirety;
- Declaration of faria, edward george Supporting Consumer/Claimant's Notice to Strike Rubin Lublin TN, PLLC's Motion to Stay Case Until Ruling on Motion to Dismiss in its Entirety;

have been mailed, postage paid, to the following Debt Collector/Respondent on this 3rd day of August, 2017.

Bret J. Chaness
Rubin Lublin TN, PLLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Natalie K. Brown
Rubin Lublin TN, PLLC
119 S. Main Street, Suite 500
Memphis, TN 38103

Dated this 3rd day of August, 2017.

From Consumer,
"With All Liberties and Rights Reserved"

_faria, edward george_
faria, edward george, Consumer
2479 Murfreesboro Road, #507
Nashville, Tennessee 37217
615-582-2440

Page 1 of 1