# Communication from Edward Faria/Consumer 15 USC 1692a (3)
## At United States District Court
## For the Middle District of Tennessee

| | |
|---|---|
| EDWARD FARIA, | ) |
| | ) |
| Consumer/Claimant, | ) Case No. 3:17-CV-00903 |
| | ) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| RUBIN LUBLIN TN, PLLC | ) |
| | ) |
| Debt Collector/Respondent, | ) |

**FILED JAN 2 3 2018 U.S. DISTRICT COURT MIDDLE DISTRICT OF TN.**

## CONSUMER/CLAIMANT'S OBJECTION TO JUDGE FRENSLEY'S REPORT AND RECOMMENDATION

**COMES NOW** EDWARD FARIA, (hereinafter "Consumer/Claimant") and enters this CONSUMER/CLAIMANT'S OBJECTION TO JUDGE FRENSLEY'S REPORT AND RECOMMENDATION pursuant to Fed. R. Civ. P. 72(b). Consumer/Claimant asks that the court take Judicial Notice of the enunciation of principles as stated in <u>Haines v. Kerner, 404 U.S. 519</u>, wherein the court have recognized Pro per litigants should not to be held to the same standards as licensed attorneys. Consumer/Claimant is a Consumer pursuant to 15 USC §1692a (3) and 15 USC §1692c (d). Consumer/Claimant further asks this Court to take Judicial Notice of the doctrine of "least sophisticated consumer" standard under the FDCPA. Consumer/Claimant reiterates and states the following:

### STATEMENT OF FACTS

1. The Fair Debt Collection Practices Act, which is the governing law in this matter, was enacted by Congress on September 20, 1977 (Public Law 95-109).

2. RUBIN LUBLIN TN, PLLC (hereinafter "Debt Collector/Respondent") has harassed, oppressed, and abused Consumer/Claimant by using language unfamiliar to

Consumer/Claimant, such as "unnecessary filings", "shifting nature", "purported", "nonsensical", "frivolous assertions", "abused his status", "tax the resources", and "irrelevant filings", violations of 15 USC §1692d (1) and (2).

3. Debt Collector/Respondent has failed to rebut Consumer/Claimant's Declarations filed on June 20, 2017, which are concise first hand facts.

4. Debt Collector/Respondent has failed to rebut Consumer/Claimant's Declarations filed on June 28, 2017, which are concise first hand facts.

5. Debt Collector/Respondent has failed to rebut Consumer/Claimant's Declaration filed on July 18, 2017, which are concise first hand facts.

6. Debt Collector/Respondent has failed to rebut Consumer/Claimant's Declaration filed on July 25, 2017, which are concise first hand facts.

7. Debt Collector/Respondent has failed to present any Affidavits or Declarations, sworn under penalty of perjury, supporting their Motion to Dismiss filed on June 7, 2017 with first hand facts pursuant to Fed. R. Civ. P. Rule 56 (c) (4).

8. Debt Collector/Respondent has failed to present any Affidavits or Declarations, sworn under penalty of perjury, supporting their Reply to Motion to Dismiss filed on July 13, 2017 with first hand facts pursuant to Fed. R. Civ. P. Rule 56 (c) (4).

9. Debt Collector/Respondent has failed to present any Affidavits or Declarations, sworn under penalty of perjury, supporting their Motion to Stay Case Until Ruling on Motion to Dismiss filed on July 20, 2017 with first hand facts pursuant to Fed. R. Civ. P. Rule 56 (c) (4).

10. Pursuant to Fed. R. Civ. P. Rule 56 (c) (4) "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that

would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

11. Furthermore, pursuant to Fed. R. Civ. P. Rule 56 (e) (3) "the court may… grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it…"

12. Consumer/Claimant again asks this court to take Judicial Notice of *Trinsey v. Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647* in which "The defendents' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b) (6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment."

13. Debt Collector/Respondent has agreed, through acquiescence, that they have **NO CLAIM** and are **ESTOPPELED** from speaking on this matter through non-response with Consumer/Claimant **BEFORE** coming before this court.

14. Debt Collector/Respondent and this court still continues to address Consumer/Claimant as a "Plaintiff", which Consumer/Claimant is not, violation of 15 USC §1692d (2).

15. Debt Collector/Respondent and this court also still continues to address Consumer/Claimant as "Pro Se", which Consumer/Claimant is not, violation of 15 USC §1692d (2).

16. Consumer/Claimant is the **ONLY** party with a valid claim supported by Affidavits or Declarations, signed under penalty of perjury, pursuant to Fed. R. Civ. P. Rule 56 (c)

(4).

17. Consumer/Claimant has faithfully followed procedure pursuant to Fed. R. Civ. P. Rule 56 (c).

18. Consumer/Claimant has stated a claim upon which relief can be granted, which are violations of the FDCPA.

19. Consumer/Claimant has submitted an amended True Bill on September 11, 2017 stating a claim.

20. Magistrate Judge Jeffery S. Frensley is not allowing Consumer/Claimant due process of the law.

21. Consumer/Claimant moves for settlement and closure of this matter.

## CONCLUSION

**WHEREFORE,** for the above foregoing reasons, Consumer/Claimant **MOVES** this court to **DENY** Judge Frensley's Report and Recommendation filed on 01/11/18 with prejudice. Consumer/Claimant concurrently submits a Memorandum of Law Supporting Consumer/Claimant's Objection to Report and Recommendation and Declaration of faria, edward george Supporting Consumer/Claimant's Objection to Report and Recommendation.

Dated this 26th day of January, 2018.

From Consumer,
"With All Liberties and Rights Reserved"

_faria, edward george_
faria, edward george, Consumer/Claimant