**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 15, 2018

Mr. Bret Jacob Chaness
Rubin Lublin
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071

Mr. Edward Faria
2479 Murfreesboro Road
Unit 507
Nashville, TN 37217

Re: Case No. 18-5528, *Edward Faria v. Rubin Lublin TN, PLLC*
    Originating Case No. : 3:17-cv-00903

Dear Mr. Faria and Counsel:

The Court issued the enclosed Order today in this case.

                    Sincerely yours,

                    s/Karen S. Fultz for Jill Colyer
                    Case Manager
                    Direct Dial No. 513-564-7024

cc: Mr. Keith Throckmorton

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 18-5528

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 15, 2018
DEBORAH S. HUNT, Clerk

EDWARD FARIA,                                )
                                             )
    Plaintiff-Appellant,                  )
                                             )
                                             )  ON APPEAL FROM THE UNITED
v.                                           )  STATES DISTRICT COURT FOR
                                             )  THE MIDDLE DISTRICT OF
RUBIN LUBLIN TN, PLLC,                       )  TENNESSEE
                                             )
    Defendant-Appellee.                   )

O R D E R

Before: CLAY, GILMAN, and WHITE, Circuit Judges.

Edward Faria, proceeding *pro se*, appeals a district court order granting a motion to dismiss his complaint, filed pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Faria filed this action in a Tennessee state court, alleging that Defendant violated the FDCPA when it notified him that it was instituting a foreclosure action on his real property. Defendant removed the action to the federal district court and filed a motion to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). A magistrate judge recommended that the motion be granted. Over Faria's objection, the district court adopted that recommendation. The court also denied Faria's motion for reconsideration, in which he asserted new evidence that Defendant had also filed a notice of claim in his bankruptcy proceeding.

In his brief on appeal, Faria asserts that Defendant is a debt collector as defined in the FDCPA. He also argues that Defendant failed to submit affidavits or declarations as required by Federal Rule of Civil Procedure 56(c)(4).

A complaint is properly dismissed under Rule 12(b)(6) where it does not contain sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim under the FDCPA, Faria was required to plead facts that demonstrate that Defendant is a debt collector as defined in that act. *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 366 (6th Cir. 2012). A defendant is not considered a debt collector under the Act if the debt was not in default when it was obtained by the defendant. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 457 (6th Cir. 2013); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996). Faria's complaint contains no facts to indicate that Defendant obtained his debt after it was in default. His brief on appeal likewise only makes the conclusory assertion that Defendant is a debt collector under the FDCPA without providing any factual support for that legal conclusion. Accordingly, Faria has failed to allege a plausible FDCPA claim.

Faria also argues that Defendant failed to submit any affidavits or declarations as required by Federal Rule of Civil Procedure 56(c)(4). However, Defendant did not move for summary judgment under Rule 56—Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. A motion to dismiss for failure to state a claim is reviewed only on the allegations contained in the complaint. *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013).

Because Faria's arguments on appeal are without merit, we **AFFIRM** the district court's order dismissing his complaint for failure to state a claim.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk